[Civ. No. 31540.    Second Dist., Div. One.    Nov. 20, 1967.]

BRUCE B. BRECKENRIDGE, Plaintiff and Appellant, v. PAUL A. MASON et al., Defendants and Respondents.

Lawson M. Brown for Plaintiff and Appellant.

Paul A. Mason, in pro. per., Nicholas, Kolliner, Van Tassel & Myers and Max Kolliner for Defendants and Respondents.

LILLIE, J.—On July 5, 1961, plaintiff sued Paul A. Mason, attorney at law and notary public, on his alleged false acknowledgment as a notary and Ohio Casualty Insurance Company on the statutory bond, alleging that one Grant T. Shepherd neither signed nor acknowledged the document in question. On October 24, 1963, all parties appeared for trial; by stipulation of counsel the cause was ordered off calendar subject to being reset on 30 days' notice by plaintiff. Two years and four months later plaintiff filed Certificate of Readiness; on March 18, 1966, Mason filed notice of motion for order dismissing the action under section 583, Code of Civil Procedure. On March 31, 1966, the motion was heard and Ohio Casualty Insurance Company joined in the motion; four years, eight months and twenty-five days after the complaint was filed order of dismissal was entered. Plaintiff appeals from the order.

On Mason's motion to dismiss, supporting declarations were filed by Mason and Max G. Kolliner, attorney for Ohio Casualty Insurance Company; they reflect the history of the litigation and the events leading up to the dismissal. In 1958 Grant T. Shepherd, Paul W. Wilds, Jr., and B. L. Harmon formed a partnership for the development and sale of certain real estate; they retained Mason as their attorney for the purpose of forming a corporation, Cal Air Land Sales, Inc., to act as sales representative; it was formed in June 1958, and Grant T. Shepherd was named treasurer. Shortly before July 16, 1958, Shepherd told Mason he would permit Cal Air Land Sales, Inc., to use his airplane as security for a loan from

plaintiff. On the evening of July 16, 1958, Wilds and plaintiff met at Mason's office to prepare documents required to consummate the loan using Shepherd's aircraft as security; Shepherd was not present; Wilds presented various documents to plaintiff, including the authorization, the subject of this litigation; plaintiff noticed that while it bore the signature of Grant T. Shepherd the same had not been acknowledged, and inquired whether it was in fact Shepherd's signature; Mason said he had not seen it placed on the document and was not familiar with Shepherd's signature but that Shepherd had told him he was going to use the aircraft as security; Wilds said that Shepherd had authorized the same; then plaintiff requested Mason to place his notarial seal on the acknowledgment in order that the document could be filed with the F. A. A. On the following day plaintiff loaned Cal Air Land Sales, Inc. $6,000; the chattel mortgage on Shepherd's aircraft was used as security for the loan.

On September 10, 1958, the loan not having been paid when due, Plaintiff sued Cal Air Land Sales, Inc. (Breckenridge v. Cal Air Land Sales, Inc., et al., No. 708843) to collect the money and foreclose the chattel mortgage. In that action in response to interrogatories, plaintiff stated that he believed that Shepherd signed his own name to the authorization; that on July 22, 1958, Shepherd told him he would have a loss payable indorsement added to the existing insurance policy on the airplane so plaintiff would be protected; that shortly thereafter in a second conversation Shepherd did not deny having signed the authorization; and that on August 22, 1958, Shepherd for the first time denied the signature on the authorization. Thereafter, these same statements were repeated by plaintiff in an affidavit. Pretrial hearing was set for May 28, 1964; on that day it was taken off calendar and since no proceedings have been taken therein; the cause has never been brought to trial and is still pending.

On July 5, 1961, plaintiff commenced the within action by unverified complaint; on information and belief it alleged that Shepherd neither signed nor acknowledged the document in question. Trial was set for August 8, 1963; minute order of that day reads: ''Pursuant to stipulation of counsel, cause is continued to October 24, 1963.''

Meanwhile, on January 20, 1962, Shepherd was killed in an airplane accident; on June 26, 1962, plaintiff filed a third action to collect the same obligation, against Shepherd's estate (Breckenridge v. Jacque Boyle as Administrator of the

Estate of Grant T. Shepherd, Deceased, No. 798983); the complaint, verified by plaintiff's attorney, contains the allegation that Shepherd signed and acknowledged the authorization and delivered the bill of sale to plaintiff. The case has been inactive since the filing of an answer on October 14, 1963; it has never been brought to trial and is still pending.

On October 24, 1963, in the within action, all parties and counsel appeared for trial; the judge invited Mason and counsel into chambers where they discussed the case; Mr. Kolliner, attorney for Ohio Casualty, called to the judge's attention that almost nine months before, on February 1, 1963, he served on plaintiff notice to pursue his remedies against other persons (§ 2845, Civ. Code), and that in fact the two actions filed against others by plaintiff on the same obligation (Breckenridge v. Cal Air Land Sales, Inc., and Breckenridge v. Estate of Shepherd) were pending. The judge said he would cause the trial to proceed if plaintiff's counsel insisted but that he strongly advised that the matter go off calendar and that plaintiff proceed with the prosecution of the two pending actions and await the outcome; plaintiff agreed that the judge's suggested procedure was proper and accordingly further agreed that the matter be ordered off calendar. Minute order of October 24, 1963, reads: "Pursuant to the stipulation of counsel cause is placed off calendar subject to being re-set on 30 day notice of plaintiff." Thereafter, for two years and four months, plaintiff took no action of any kind in either Breckenridge v. Cal Air Land Sales, Inc. or Breckenridge v. Estate of Shepherd—in Cal Air Land Sales, Inc., the last entry was May 28, 1964, when the pretrial hearing was placed off calendar; in Estate of Shepherd, the last entry (filing answer) was October 14, 1963 (10 days prior to conference in the judge's chambers in instant case)—nor, during this time, did plaintiff take any action to reset the instant case on the trial calendar, permitting the case to lie dormant until February 24, 1966.

Opposing the motion, plaintiff's counsel filed his declaration alleging various matters going to the merits of the action, and citing portions of depositions and declarations to rebut the genuineness of Shepherd's signature.[1] He further alleged

[1] If the trial court considered these matters, we must assume that for the purpose of the motion it accepted as true the facts set out in the declarations of the successful parties; thus we deem the declarations of Mason and Kolliner to establish the facts therein stated and all facts reasonably to be inferred therefrom. (*Bonello* v. *Chandler*, 165 Cal.App. 2d 267, 270 [331 P.2d 705].)

that when they appeared for trial on October 24, 1963, "Mason could at that time have insisted that the matter go forward" but agreed that the matter go off calendar and thereafter no objections on account of delay were interposed by defendants.

■ Section 583, Code of Civil Procedure, permits the court in its discretion to dismiss any action for want of prosecution on motion of defendant whenever plaintiff has failed for two years after the filing of said action to bring the same to trial; thus, it is incumbent upon appellant to show an abuse of discretion by the trial court in ordering a dismissal thereunder. (*Gurst* v. *San Diego Transit System,* 119 Cal. App.2d 51, 54 [258 P.2d 1109]; *Steinbauer* v. *Bondesen,* 125 Cal.App. 419, 423 [14 P.2d 106]; *Hillsdale Builders Supply Co.* v. *Eichler,* 109 Cal.App.2d 117, 118 [240 P.2d 343].)

■ There is a basic fault in appellant's argument that defendants "could be expected to take at least some steps to protect their interest," could have insisted that the case be tried on October 24, 1963, and failed to object on account of delay until they moved to dismiss. The purpose of section 583, Code of Civil Procedure, is to compel reasonable diligence in the prosecution of an action after it has been commenced; and it is the duty of a plaintiff who starts litigation, at every stage of the proceedings, to use diligence to expedite his case to a final determination. (*Raggio* v. *Southern Pac. Co.,* 181 Cal. 472, 475 [185 P. 171].) ■ A defendant has no responsibility to bring plaintiff's action to trial or to object to any delay. " 'It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step.' " (*Bella Vista Dev. Co.* v. *Superior Court,* 223 Cal.App.2d 603, 614 [36 Cal.Rptr. 106]; *Preiss* v. *Good Samaritan Hospital,* 171 Cal. App.2d 559, 563 [340 P.2d 661].) To the same effect is *Gray* v. *Times-Mirror Co.,* 11 Cal.App. 155, 164 [104 P. 481], cited in *Jackson* v. *De Benedetti,* 39 Cal.App.2d 574, at pages 577-588 [103 P.2d 990]: " 'A party against whom an action is instituted is entitled to as speedy a disposition thereof as is consistent with his own and the rights of the plaintiff, and if he who starts the law in motion does not with reasonable promptness pursue all the steps necessary to bring the litigation to an end, he should suffer the penalty of his default. It

is no answer to say that the respondent did not, during the period of the delay, utter a word of protest against such delay. As we have said, it was the duty of the plaintiff to act, and to act with reasonable promptness and diligence. It was not the duty of the respondent to make any move except such as the law requires it to make in response to the movements of plaintiff at the various stages of the litigation.' '' (*General Ins. Co. of America* v. *Superior Court,* 245 Cal.App.2d 366, 367 [53 Cal.Rptr. 777]; *Weeks* v. *Roberts,*\* nonpublished opinion, Court of Appeal, Second District, Civ. No. 31156, Aug. 16, 1967.)

█     After the expiration of two years from the filing of a complaint, if the action has not been brought to trial the court has the power and the duty to dismiss the same against plaintiff upon defendant's motion unless plaintiff can make a showing of excusable delay; the burden of making such a showing is on plaintiff. (*Simonini* v. *Jay Dee Leather Products Co.,* 85 Cal.App.2d 265, 267, 269 [193 P.2d 53]; *Bonelli* v. *Chandler,* 165 Cal.App.2d 267, 273 [331 P.2d 705]; *Sprajc* v. *Scandinavian Airlines System, Inc.,* 240 Cal.App.2d 935, 938 [50 Cal.Rptr. 181]; *Geiger* v. *Aetna Ins. Co.,* 243 Cal. App.2d 235, 237 [52 Cal.Rptr. 212].) █     The record before the trial court showed that two years and four months elapsed between the time the trial was ordered off calendar pursuant to stipulation to permit plaintiff to proceed in his other pending cases, as he agreed was proper, and the time he took his first action to restore the cause to the trial calendar; and that during this time plaintiff not only failed to take any action in the pending cases but permitted the instant case to lie dormant. Plaintiff in his declaration did little more than argue the merits of his case against Mason and Ohio Casualty and allege that they could have brought the case to trial October 24, 1963. He offered nothing whatever to even suggest an excuse, valid or otherwise, for the delay, a reason for failing to proceed in the pending cases, or an explanation for leaving the instant case inactive for almost two and one-half years; and made no showing of any diligence on his part to bring the matter to a final determination. ''There is nothing in the affidavit of appellants' counsel which suggests any valid excuse for this unreasonable delay, or, in other words, there is nothing therein from which this court would be justified in declar-

---

\*A hearing was granted by the Supreme Court on October 11, 1967. The opinion of that court, filed July 1, 1968, is reported in 68 Cal.2d —— [69 Cal.Rptr. 305, 442 P.2d 361].

ing that the court below, in refusing to accept the excuse offered by the appellants, abused its discretion." (*Gray* v. *Times-Mirror Co.*, 11 Cal.App. 155, 161 ]104 P. 481].) Appellant has failed to show, and under this record could not show, any basis for his contention that the trial court abused its discretion. The record reflects a lack of diligence which the law requires of any plaintiff, and presents a case of neglect and dilatory conduct on the part of plaintiff, not only in the instant action but in the two pending actions, both of which, as far as we can ascertain, are now subject to mandatory dismissal under section 583, Code of Civil Procedure. The only suggestion of excuse made by plaintiff was directed not to his failure to proceed with diligence in the instant case, but to his failure to prosecute further the pending actions, and then it was made not under oath but most informally in oral argument. He said he did not pursue his remedies in the two pending actions because the estates therein were insolvent; he failed to state when he learned of their insolvency. But at no time did plaintiff offer any evidence to show that his failure to bring the instant case to trial was not because of lack of diligence. He gave no reason, if he knew the estates in the other actions to be insolvent, why he agreed with the judge on October 24, 1963, that the latter's suggested procedure of pursuing his remedy against the pending cases was proper and stipulated that the trial in the instant case go off calendar; or, if he did not then know the estates in the pending actions to be insolvent, why he did not, upon discovering their insolvency, immediately take action to have the instant case reset for trial. Any view of this matter leads to but one conclusion, plaintiff's complete lack of interest and diligence in bringing any of the three cases to a final determination.

While Mason's declaration alleges prejudice on account of plaintiff's dilatory conduct (since the action was filed Shepherd and Wilds have died and Harmon cannot be located; all witnesses who can testify to whether Shepherd signed the authorization and in fact authorized the use of his airplane as collateral are either dead or unavailable) and that he has a good and meritorious defense, and appellant herein argues both matters, we do not understand it to be necessary for defendant to either affirmatively state or show on his motion the extent of inconvenience or injury he has suffered or may suffer by reason of plaintiff's delay or that he has a meritorious defense. "The law will presume injury from unreasonable delay." (*Gray* v. *Times-Mirror Co.*, 11 Cal.App. 155, 164 [104 P. 481]; *Welden* v. *Davis Auto Exchange*, 153

Cal.App2d 515, 520 [315 P.2d 33] ; *Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725, 730 [107 P.2d 494] ; *Jackson* v. *De Benedetti,* 39 Cal.App.2d 574, 577 [103 P.2d 990].) Nevertheless, the court was free to also consider such matters. (*Bonelli* v. *Chandler,* 165 Cal.App.2d 267, 275 [331 P.2d 705].)

In a brief argument citing only that portion of section 583, Code of Civil Procedure, which provides that the court may in its discretion dismiss any action for want of prosecution "on motion of the defendant and after due notice to the plaintiff," appellant contends that the trial court exceeded its jurisdiction in dismissing the cause as to Ohio Casualty Insurance Company inasmuch as it made no motion.

On March 18, 1966, Mason filed notice of motion for order dismissing the action under section 583, Code of Civil Procedure, together with his supporting declaration. Thereafter, on March 22, 1966, Max G. Kolliner, attorney for Ohio Casualty Insurance Company, served on plaintiff and filed his declaration in support of "Motion to Dismiss," wherein Ohio Casualty urged dismissal of the action. At the hearing on March 31, 1966, plaintiff's counsel made repeated reference to Kolliner's declaration basing a substantial part of his oral argument thereon; thus, at the conclusion of the hearing, Mr. Kolliner addressed the court ". . . I would like to join in the motion on behalf of the defendant Ohio Casualty Insurance Company . . . ," and proceeded to answer certain portions of plaintiff's argument. At no time in the court below did plaintiff object to such joinder; he remained silent after Kolliner's request and, relying on plaintiff's subsequent silence and failure to object, the trial judge submitted the entire matter and later granted defendant's motion to dismiss. By his silence plaintiff may well have waived the requirement of notice. But on a practical basis plaintiff can hardly claim that he had no notice that Ohio Casualty too urged dismissal, for nine days prior to the hearing he was served with Kolliner's declaration in support of "Motion to Dismiss," and at the hearing at length he argued the matters alleged in Kolliner's declaration; further, plaintiff was placed on notice by Mason that Mason on his motion sought an order dismissing the entire action. Too, plaintiff could suffer no prejudice by dismissal as to Ohio Casualty—had the trial judge not permitted it to join in Mason's motion and had he dismissed the entire action thereon, no cause would have remained against Ohio Casualty; on the other hand, had the trial judge dismissed the

action only as to Mason, the principal on the surety bond, and left the cause pending against Ohio Casualty, the surety, still there would be nothing left to litigate against it. Dismissal against the principal precludes the right of recovery against the surety. ██ A surety bond of a notary public is recognized as "an official bond" (§ 8212, Gov. Code) on which the liability of the surety is no greater than that of the notary (§ 8214, Gov. Code). Thus, when on an official bond and primary obligation is barred or in any legal way extinguished, the surety is relieved. (*County of Sonoma* v. *Hall*, 132 Cal. 589, 594 [62 P. 257, 312, 65 P. 12, 459]; *Flickinger* v. *Swedlow Engineering Co.*, 45 Cal.2d 388, 394 [289 P.2d 214].)

The order is affirmed.

Wood, P. J., and Fourt, J., concurred.