[Civ. No. 33048.    Second Dist., Div. Two.    Sept. 6, 1968.]

BLACK BROTHERS CO., INC., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY; JOHN FERNANDES, Real Party in Interest.

Chase, Rotchford, Drukker & Bogust and Lawrence O. de Coster for Petitioner.

No appearance for Respondent.

Lawrence R. Booth and Daniel R. Sheahan for Real Party in Interest.

McCOY, J, pro tem.*—This is a proceeding for a writ of mandate to compel the Superior Court for Los Angeles County to dismiss an action now pending in that court against petitioner and others.

On January 22, 1965, John Fernandes filed a complaint in the respondent court to recover damages for personal injuries allegedly suffered on January 24, 1964, while employed by Maid-Rite Cabinet Co. On March 26, 1968, petitioner, one of the defendants named in the complaint, noticed its motion for

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

an order to dismiss the action against it pursuant to section 583 of the Code of Civil Procedure on the ground that plaintiff had failed for two years after it was filed to bring the action to trial. The motion, based upon the files and records in the action, was denied April 16, 1968. No other evidence was offered by petitioner in support of the motion. We have concluded that, in denying petitioner's motion, the respondent court abused its discretion.

There is no conflict in the evidence which was before the court when it heard petitioner's motion. The complaint filed January 22, 1965, names Black Brothers Co., Inc., a corporation, Southern California Machinery Co., and several John Does as defendants. It is alleged in the complaint that Black Brothers Co., Inc., herein sometimes referred to as defendant, was at all times involved in the case and is now doing business in California. Plaintiff alleges that he was injured while working on a certain "glue spreader" which had been manufactured and transferred to sale by defendant Black Brothers Co., Inc. to the defendant Southern California Machinery Co., which in turn sold it to plaintiff's employer, Maid-Rite Cabinet Co., Inc. Plaintiff bases his right to recover damages on defendant's alleged negligence in the manufacture and sale of the "glue spreader," on defendant's breach of its implied warranty that the machine "was safely usable for the purpose of applying glue to wood and other products; further that the rollers of said Machine were capable of being cleaned safely." The accident happened January 24, 1964, just two days short of a year before the filing of the complaint. A summons was issued on the day the complaint was filed.

When plaintiff's complaint was filed proceedings were pending before the Industrial Accident Commission against plaintiff's employer and its compensation insurance carrier for an award of workmen's compensation benefits. These proceedings were terminated with an award in plaintiff's favor filed December 24, 1965.

In May 1966 plaintiff's present attorneys were substituted as his attorneys of record.

On January 8, 1968, plaintiff obtained an order for service of the summons on the defendant Black Brothers Co., Inc., pursuant to section 6501 of the Corporations Code. On January 16, 1968, the original summons was returned to the clerk and filed, together with a declaration that it had been served on A. T. Mitchell Machinery Company, sued and served as

Doe VI, on January 9, 1968, and on defendant Southern California Machinery Co. on January 10, 1968, and a certificate by the Secretary of State that it had been served on defendant Black Brothers Co., Inc. on January 9, 1968, by mailing a copy of the summons and complaint and court order to it at 501 Ninth Avenue, Mendota, Illinois.

It is the policy of the law, as declared by the courts, that when a plaintiff exercises reasonable diligence in the prosecution of his action, the action should be tried on the merits. This policy is counter-balanced, however, by the policy declared by the Legislature and the courts that when a plaintiff fails to exercise reasonable diligence in the prosecution of his action it may be dismissed by the trial court. Thus, it is provided in section 583 of the Code of Civil Procedure that, with certain statutory and decisional exceptions, an action must be dismissed by the court on motion of the defendant on notice to plaintiff, or by the court on its own motion unless it has been brought to trial within five years after the plaintiff filed his action. (2 Witkin, Cal. Procedure, (1954) Proceedings Without Trial, § 40, p. 1677.) Again, it is provided in section 581a that, subject to certain statutory exceptions, no action "shall be further prosecuted, and no further proceedings shall be had therein" and the action "must be dismissed" on motion of an interested party or on the court's own motion "unless the summons shall be served and return thereon made within three years after the commencement of said action." This provision is mandatory and jurisdictional and in a case coming within its provisions, the court has no authority except to enter an order dismissing the action. (2 Witkin, Cal. Procedure, (1954) Proceedings Without Trial, § 29, p. 1667.)

With respect to cases not brought to trial within two years, section 583 of the Code of Civil Procedure provides that the court shall exercise its discretion in granting or denying a motion to dismiss. That section, relied on by defendant here, provides in relevant part that "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial." The purpose of this provision of section 583 is "to compel reasonable diligence in the prosecution of an action after it has been commenced, thereby extending to the party or parties against whom it is brought an opportunity to properly present any defense which may be

available at the time of the commencement of the action."
(*Jensen* v. *Western Pac. R.R. Co.*, 189 Cal.App.2d 593, 596
[11 Cal.Rptr. 444]; *Bonelli* v. *Chandler*, 165 Cal.App.2d 267,
270 [331 P.2d 705].) ▆▆ In the exercise of its discretion
under this section the trial court must keep in mind the duty
of the plaintiff to use due diligence at all times to bring his
action to a final determination, and the inherent discretionary
power of the court, apart from the statute, to dismiss an
action for lack of such diligence. (*Witter* v. *Phelps*, 163 Cal.
655, 657 [126 P. 593]; *Bernard* v. *Parmelee*, 6 Cal.App. 537,
545 [92 P. 658]; *Lieb* v. *Lager*, 9 Cal.App.2d 324, 327 [49
P.2d 886]; 2 Witkin, Cal. Procedure, (1954) Proceedings
Without Trial, § 31, p. 1669.) As the court said in *Bonelli* v.
*Chandler, supra,* 165 Cal.App.2d at p. 275: "It is the duty of a
plaintiff to act, and to act with reasonable promptness and
diligence, and defendant need make no move until the law
requires him to do so 'in response to the movements of plain-
tiff at the various stages of the litigation.'"

▆▆ There is no inconsistency between the provisions of
section 581a for the mandatory dismissal of an action if the
summons is not served and returned within three years after
commencement of the action, and those of section 583 provid-
ing for the dismissal of an action, in the discretion of the
court, if it is not brought to trial within two years. In *Sprajc*
v. *Scandinavian Airlines System, Inc.*, 240 Cal.App.2d 935
[50 Cal.Rptr. 181], it was argued that, since section 581a
allows a plaintiff three years within which to serve and return
the summons, a delay of only two years, without more, could
not justify a dismissal under section 583 because of the fail-
ure of the plaintiff to bring his action to trial within two
years. In rejecting this contention the court said (p. 939):
"The cases clearly state that section 581a does not control the
discretion of the court under section 583 (see *Jackson* v. *De
Benedetti*, 39 Cal.App.2d 574, 579 [103 P.2d 990]; *Bonelli* v.
*Chandler, supra* [165 Cal.App.2d], at pp. 276-278.)" (To the
same effect see *Lieb* v. *Lager, supra*, 9 Cal.App.2d 324, 326-
327.) On the contrary it was held in *Anderson* v. *Nawa*, 25
Cal.App. 151, 154 [143 P. 55], that "the unexplained and
inexcusable failure to serve the summons within two years
and ten months . . . *prima facie* constituted good and suffi-
cient ground of dismissal."

▆▆ It is apparent from the record that defendant Black
Brothers Co., Inc., petitioner here, properly sought relief
under section 583, invoking the discretionary power of the

court. ▉ In making such a motion, it is not necessary that the motion be accompanied by any affidavit. (*Simonini* v. *Jay Dee Leather Products Co.*, 85 Cal.App.2d 265, 267 [193 P.2d 53].) In *Simonini*, as in the instant case, "defendant was relying on the record to show that the case had not been brought to trial within the statutory two-year period, and the record itself is the best evidence of that fact. There is no statutory requirement that the notice of motion be accompanied by an affidavit." ▉ The record in this case shows that the action was commenced on January 22, 1965, but that the summons was not served until January 9, 1968, notwithstanding the fact that plaintiff was aware of the identity and whereabouts of defendant corporation at the time of the commencement of the action (or, at least as early as March 25, 1965). Upon this showing, the burden was upon plaintiff to show that he had diligently prosecuted the action and that the delay was not unreasonable. In *Bonelli* v. *Chandler, supra,* 165 Cal.App.2d 267, the court said (p. 273) : "The fact that there is no statutory requirement that a notice of motion to dismiss under section 583 be accompanied by affidavit . . . lends support to the theory that the burden is on the plaintiff or resisting party to make a showing that would excuse the delay or reduce the period of time disclosed by the record to have elapsed since the filing of the action." (To the same effect see *Breckenridge* v. *Mason,* 256 Cal.App.2d 121, 127 [64 Cal.Rptr. 201].) ▉ In such a case the moving party is not required to make a showing that he has a meritorious defense or has been prejudiced by the delay. (*Bonelli* v. *Chandler, supra,* at p. 275.) "The law will presume injury from unreasonable delay." (*Gray* v. *Times-Mirror Co.,* 11 Cal.App. 155, 164 [104 P. 481].)

▉ The contentions of plaintiff, both in the trial court and here, unsupported by the citation of any relevant authority, with no showing of any facts other than disclosed by the record on which defendant relied in support of its motion, are without merit.

There seems to be no doubt that on January 22, 1965, defendant was notified of plaintiff's claim that the glue spreader "was inherently dangerous and defective in that such machine was represented to be safely usable while being cleaned. In fact it was not safe and injured one employee, John Fernandes, on or about January 24, 1964." It is also true that defendant's insurance carrier was aware of plaintiff's claim no later than March 26, 1965. Plaintiff contends

that, by reason of these facts, defendant was not prejudiced by plaintiff's delay in prosecuting the action, because defendant, upon being advised of plaintiff's claim, could have conducted whatever investigation may have been required at the time. All this, however, is quite beside the point involved here, since neither defendant nor its insurance carrier had been advised either on January 22 or March 26, 1965, that the complaint in plaintiff's action had been filed.[1]

In the case before us, so far as the record shows, defendant was not aware of the filing of plaintiff's complaint on January 22, 1965, until it was served with the summons on January 9, 1968. The notice of plaintiff's claim on the day the complaint was filed is not the equivalent of notice of the filing of the complaint. At that point, and until defendant was served with the summons, it was under no legal duty to search the records to see if a complaint had been filed or to take any steps in the pending action to protect its interests. As we have pointed out above, the purpose of section 583 of the Code of Civil Procedure "is to compel reasonable diligence in the prosecution of an action after it has been commenced." *Breckenridge* v. *Mason*, 256 Cal.App.2d 121, 126 [64 Cal. Rptr. 201].) In the nature of things, failure to serve the summons on the principal defendant named in the complaint for almost three years is strong evidence of a lack of such diligence. A defendant has no legal duty to do anything more than meet the plaintiff step by step, beginning with the service of the summons.

Plaintiff also argues that this case started as a workmen's compensation case which was not concluded until the award of the Industrial Accident Commission was filed in December 1965. Plaintiff's argument that the "medical situation and the amount of the Workmen's Compensation lien, all of which are considerable in regards to a potential third party case, are not finalized until there has been a final hearing on the Workmen's Compensation case, which did not occur until the end of 1965," and that within a month thereafter defendant

---

[1]As a matter of fact, in his letter of March 26, 1965, to plaintiff's attorneys, two months after plaintiff's complaint has been filed, the claims representative of defendant's insurance carrier closed with this statement: "It goes without saying that we hope that you will see fit not to name us at the time you draft your complaint and summons or at least get around to serving the various entities. We think that our feet are a long way from the fire and we hope that in exchange for reasonable cooperation on our part, that you might foresee the wisdom of releasing the insured." (See letter attached to plaintiff's application for order for service of summons on Secretary of State filed January 6, 1968.)

"was put on notice," is also quite beside the point. The complaint here was filed January 22, 1965. Plaintiff never put defendant on any notice that the complaint had been filed until the summons was served on January 9, 1968. The necessity of investigation of the facts or the procurement of evidence, or, as in this case, the desire to await the outcome of the workmen's compensation case, will not excuse a long and otherwise unexplained period of neglect in serving the summons. ■ The proper procedure is to serve the summons within a reasonable time after the complaint is filed, and, if necessary, apply for a continuance in bringing the case to trial. (2 Witkin, Cal. Procedure (1954) Proceedings Without Trial, § 32, at p. 1671; *Caldwell* v. *Regents of University of Cal.*, 23 Cal.App. 29, 35 [136 P. 731]; *Anderson* v. *Nawa*, 25 Cal.App. 151, 156 [143 P. 55].)

■ Finally, plaintiff contended before the respondent court that the reason for the delay in serving the summons on defendant "was to allow . . . sufficient time for busy counsel to develop the facts and law necessary to obtain jurisdiction over this Illinois corporation." This contention is meretricious. It is apparent from plaintiff's application in January 1968 for an order for service of the summons on the Secretary of State that the facts were known to plaintiff's then attorneys when they received the letter of March 26, 1965, from defendant's insurance adjuster. It is equally apparent that the law was then well settled permitting such service and that there was no need to "develop" the law any further. Plaintiff did not offer any explanation as to his alleged need to develop any additional facts or law.

In their points and authorities filed in the respondent court in opposition to defendant's motion, plaintiff's attorneys said: "Frankly, it is the position of the plaintiff herein that the defendant is attempting to obtain a dismissal under the provisions of Section 583, even though the controlling section which applies to the time allowed for service of Summons was complied with. Section 581(a) of the Code of Civil Procedure provides for dismissal if the action is not served within three years. This section was complied with in this case. . . ." At the conclusion of the argument on defendant's motion the court said: "I am going to deny your motion. I don't think you have stated grounds for it. . . . I don't think that it is the spirit of the law, that a defendant can have a case dismissed for the mere reason that the plaintiff hasn't proceeded with the prosecution in the manner that the defendant would

like to have him proceed; and I say that this is particularly true where the defendant has other adequate remedies, such as merely filing an answer. It was just as easy for the defendant to file an Answer as it was for the plaintiff to serve the defendant. . . . I don't think you can sit back and wait, knowing full well what is going on, for time to run and come in and take advantage of it. I think you know the statutes of limitation, in whatever form, are very likely to be perverted by attorneys on both sides, you know, sitting back and waiting until the time runs and then come in and do something. Now I claim the statutes of limitation are for the purpose of preventing people from delaying in a situation where the other side couldn't do anything about it; but where there is a remedy on the other side, then I am not nearly as much concerned about it.''

It is apparent from what we have said that both the plaintiff and the court failed to recognize the difference between defendant's motion to dismiss under section 583 of the Code of Civil Procedure, and a motion under section 581a on wholly different grounds. It is also apparent from the remarks of the court quoted above that, to say the least, the court was confused as to the proper application to the facts of the case of the provisions of section 583 as interpreted in the cases discussed above.[2]

We are satisfied from the record before us that, in the absence of any valid excuse for plaintiff's failure to take any steps to bring his action to trial for nearly three years after his complaint was filed, the respondent court abused its discretion in denying defendant's motion to dismiss the action.

Let a peremptory writ of mandate issue as prayed.

Herndon, Acting P. J., and Fleming, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied October 30, 1968. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.

[2]To say that the defendant had an adequate remedy ''such as merely filing an answer'' before it had been served and when it was under no legal obligation to do so is, of course, wholly unwarranted. To say that it should have filed an answer after it was served, and thereby given up its statutory right to move for a dismissal, is not only contrary to law but also contrary to all reason.