[Civ. No. 34034. Second Dist., Div. Five. Mar. 28, 1969.]

CITY OF LOS ANGELES, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; DOROTHEA E. BOYDSTON, Real Party in Interest.

Roger Arnebergh, City Attorney, and Stephen R. Powers, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Shapiro, Finn, O'Leno and Harry E. Risnick for Real Party in Interest.

ALARCON, J. pro tem.*—The petitioner has filed for a writ of mandate to require the Superior Court for Los Angeles to vacate its order denying the motion of the City of Los Angeles for a dismissal of the action pending in that court, entitled Dorothea E. Boydston v. The City of Los Angeles, a municipal corporation, superior court number NWC 3942.

---

*Assigned by the Chairman of the Judicial Council.

The real party in interest, Dorothea Boydston, filed a complaint in the respondent superior court on February 11, 1964, to recover damages for personal injuries. The complaint alleges that the plaintiff was injured on February 12, 1963, by tripping and falling due to the negligence of the City of Los Angeles in failing to warn her of the existence of certain excavations, defects, and other disfigurations in the street, which was then under repair. The petitioner was served on February 14, 1964, and its answer was filed on February 25, 1964.

On November 22, 1968, the petitioner served and filed a motion pursuant to section 583 of the Code of Civil Procedure for a dismissal of the action for a failure to bring the case to trial within two years after the date of the commencement of the action.

Petitioner's motion was heard and denied by the respondent superior court on December 3, 1968. The real party in interest did not file or submit any points and authorities, nor any affidavit in opposition to the motion for a dismissal.

The petitioner contends that the respondent superior court abused its discretion in denying the motion to dismiss in that the record before the court showed that over four years and nine months had elapsed without a trial since the date the action was filed.

Section 583 of the Code of Civil Procedure, insofar as it is pertinent to this matter, provides in part: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever the plaintiff has failed for two years after action is filed to bring said action to trial . . ."

This statute requires the trial judge to exercise his discretion to grant or deny the defendant's motion to dismiss if the plaintiff has failed to have the trial of his action commence within two years of the filing of the complaint. However, the exercise of this discretion is not free from appellate review if it has been abused. The trial judge may not act arbitrarily or capriciously in exercising his discretion. His decision must be governed by a consideration of existing legal principles and by the drawing of appropriate analogies to existing case law. (*Raggio* v. *Southern Pac. Co.*, 181 Cal. 472 [185 P. 171].) Such discretion must be exercised in such a manner as to further, not defeat, the ends of justice. (*Knight* v. *Pacific Gas & Elec. Co.*, 178 Cal.App.2d 923 [3 Cal.Rptr. 600].)

It is the policy of the law that every person who has a

justiciable claim should have his day in court and a trial on the merits. (*Black Bros. Co.* v. *Superior Court,* 265 Cal.App. 2d 501 [71 Cal.Rptr. 344].) However, it is also the policy of the law that the defendant in a civil action is entitled to a speedy disposition of the claim against him so that he may prepare his defense when the evidence is still available and witnesses' memories are fresh. (*General Motors Corp.* v. *Superior Court of Los Angeles County,* 65 Cal.2d 88 [52 Cal. Rptr. 460, 416 P.2d 492].)

 Section 583 requires that the plaintiff use due diligence to prosecute his action within two years of the filing of his complaint. (*Geiger* v. *Aetna Ins. Co.,* 243 Cal.App.2d 235 [52 Cal.Rptr. 212]. See also *McKenzie* v. *Albaeck,* 219 Cal. App.2d 97 [32 Cal.Rptr. 762].) If the evidence shows that the plaintiff has failed to exercise due diligence or fails to make a showing of excusable delay, it is an abuse of discretion for the trial judge to deny a defendant's motion to dismiss for want of prosecution within two years. (*Breckenridge* v. *Mason,* 256 Cal.App.2d 121 [64 Cal.Rptr. 201].)

In this matter, the real party in interest, Dorothea E. Boydston, did not present any proof to the respondent superior court that she had exercised due diligence in bringing her action to trial. She apparently chose to rely on the record before the court as sufficient proof that she had exercised due diligence. If the record demonstrates that due diligence was exercised by the plaintiff or that the delay in bringing the matter to trial was caused by the defendant, the filing of an affidavit pointing out what was already obvious from the record would be meaningless and of no assistance for the trial judge in exercising a proper discretion. Section 583 does not require a defendant to support his motion by an affidavit. (*Simonini* v. *Jay Dee Leather Products Co.,* 85 Cal.App.2d 265 [193 P.2d 53].) This statute should not be construed to require that the plaintiff file an affidavit in opposition to a motion for a dismissal where the record clearly demonstrates that due diligence was exercised.

An analysis of the record before the respondent superior court reveals the following steps taken by the plaintiff in prosecuting this matter.

1. The complaint was filed on February 11, 1964. The alleged injuries were sustained on February 12, 1963. (The answer was filed on February 25, 1964.)

2. On March 13, 1964, the defendant filed interrogatories directed to the plaintiff and a demand for a jury trial.

3. On March 13, 1964, the plaintiff filed through counsel a "Certificate of Readiness For Case Pending in Branch District" and a "Memorandum For Setting Contested Action," wherein it was represented to the court that "I know of no further pleading to be filed and know of no reason why the cause should not be tried as soon as the calendar of the Court will permit."

4. On April 13, 1964, the respondent superior court on its own motion set this matter for pretrial conference for May 14, 1964.

5. On May 11, 1964, the plaintiff filed a stipulation continuing the pretrial conference to July 9, 1964.

6. On July 9, 1964, the pretrial conference was continued to August 27, 1964.

7. On August 27, 1964, the "Memorandum For Setting Contested Action" was vacated and the matter was placed off calendar.

8. On October 19, 1964, the plaintiff filed her answers to the interrogatories filed and served upon the plaintiff on March 13, 1964.

9. On January 18, 1966, the plaintiff filed interrogatories directed to the defendant. (The defendant filed and served its answers to these interrogatories on February 9, 1966.)

10. On July 11, 1967, the plaintiff filed additional interrogatories directed to the defendant. (The defendant filed its answer to these interrogatories on July 27, 1967.)

11. On September 26, 1967, a second "At Issue Memorandum and Certificate of Readiness" was filed by the plaintiff through her attorney, David A. Sanders. On November 15, 1967, a third "At Issue Memorandum and Certificate of Readiness" was filed by the plaintiff.

12. On December 7, 1967, the matter was set by the respondent superior court for pretrial conference on April 9, 1968.

13. On February 8, 1968, a notice of substitution of attorneys was filed, substituting the plaintiff in propria persona as her own attorney for David A. Sanders, who had represented her from the time the complaint was filed.

14. On March 14, 1968, the plaintiff filed notice that she had retained present counsel.

15. On April 9, 1968, the pretrial conference was continued to August 6, 1968. The minute order does not indicate which side requested the continuance; however, counsel for the defendant was ordered to serve notice.

16. On August 6, 1968, the pretrial conference was continued to October 2, 1968, at the request of the plaintiff.

17. On October 2, 1968, "Pretrial" was waived and the matter was set for trial on January 7, 1969.

A review of the record reveals that the plaintiff did not obtain a trial date on this matter until four years and nine months had elapsed since the filing of her complaint. The trial date set by the respondent superior court was approximately one month short of five years from the date of the filing of the complaint.

No reason appears from the record as to why the pretrial conference scheduled on the court's own motion for August 27, 1964, was placed off calendar. However, the fact that the plaintiff did not answer the defendant's interrogatories until October 19, 1964, is some indication that the plaintiff was far from ready for trial prior to that date. Had the case been set for trial on August 27, 1964, the defendant would have had no basis for a motion to dismiss pursuant to section 583 of the Code of Civil Procedure.

The only affirmative steps taken by the plaintiff to bring her action to trial within two years of the filing of her complaint were the filing of the "Certificate of Readiness For Case Pending in Branch District," a "Memorandum For Setting Contested Action" on March 13, 1964, and the filing of interrogatories directed to the defendant on January 18, 1966.

The action of the court on vacating the "Memorandum For Setting Contested Action" on August 27, 1964, is unexplained in the record that was before the respondent superior court. If the plaintiff requested this order, then the delay was attributable to her, and indicates she was not ready or willing to have the case set for a fixed trial date within two years of the filing of her complaint. If the delay was caused by the defendant, or by the condition of the court's calendar, the plaintiff could have presented proof of this fact to the trial judge in reply to the motion for a dismissal.

The plaintiff did not again file a request for a trial date until September 26, 1967, over three and one half years after the complaint was filed. A further delay of one year occurred before the plaintiff appeared in court to request a trial date. No evidence was presented to the respondent superior court to explain these delays nor any proof that due diligence had been exercised by the plaintiff.

On the face of the record before the trial judge, th.

298

plaintiff failed to exercise due diligence in prosecuting her complaint against the defendant City of Los Angeles. Upon the showing by the defendant before the trial judge by way of affidavit and from the court's record that four years and nine months had elapsed since the commencement of her action, the burden was on the plaintiff to come forward to show that she had acted with diligence and that the delays were excusable. (*Black Bros. Co.* v. *Superior Court,* 265 Cal.App.2d 501 [71 Cal.Rptr. 344]; *Membrila* v. *Vonett Sales Co.,* 250 Cal.App.2d 299 [58 Cal.Rptr. 544]; *Bonelli* v. *Chandler,* 165 Cal.App.2d 267 [331 P.2d 705].)

Since there was no evidence presented to the trial judge to excuse the delay by way of affidavit or from the record, the respondent superior court had the power and duty to dismiss the action upon the motion of the defendant. (*Breckenridge* v. *Mason,* 256 Cal.App.2d 121 [64 Cal.Rptr. 201].) The failure to grant the defendant's motion for a dismissal was an abuse of discretion.

Let a peremptory writ of mandate issue as prayed.

Kaus, P. J., and Aiso, J., concurred.