[Civ. No. 26482.    First Dist., Div. Three.    Apr. 7, 1996.]

MARKET-FRONT COMPANY, Petitioner, v. THE SUPE-
RIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent; JOHN TAYLOR et al., Real
Parties in Interest.

Russ & Benson and Richard H. McConnell for Petitioner.

No appearance for Respondent.

Goldstein & Brann and Howard Diamond for Real Parties in Interest.

DRAPER, P. J.—Petitioner seeks mandate requiring the trial court to grant its motion to dismiss a personal injury action in which it is a defendant. We issued alternative writ.

Complaint in the basic action was filed September 21, 1965, only three days before expiration of the one-year statute of limitations. Summons was not served upon petitioner until September 20, 1968, the day before expiration of the three years allowed for such service (Code Civ. Proc., § 581a).

Petitioner-defendant, on October 31, 1968, moved to dismiss the action for lack of prosecution. Plaintiff Taylor, the real party in interest here, filed no declaration, affidavit or points and authorities in opposition to the motion. Nevertheless, the trial court denied it.

It is quite true that dismissal is in the discretion of the trial court when, as in our case, more than two but less than five years has elapsed since filing of the action without plaintiff's bringing it to trial (Code Civ. Proc., § 483). But, as was squarely held in a recent decision (*Black Bros. Co.* v. *Superior Court,* 265 Cal.App.2d 501 [71 Cal.Rptr. 344] [hearing denied by Supreme Court]), the motion may be denied only upon some showing by plaintiff of excuse for delay. The defendant moving for dismissal is not required to make a showing that he has a meritorious defense or has been preju-

diced by the delay (*Bonelli* v. *Chandler*, 165 Cal.App.2d 267, 273 [331 P.2d 705]; *Breckenridge* v. *Mason*, 256 Cal.App.2d 121, 127 [64 Cal.Rptr. 201]). The record itself shows failure to bring the case to trial within two years (*Simonini* v. *Jay Dee Leather Products Co.*, 85 Cal.App.2d 265, 267 [193 P.2d 53]). "The law will presume injury from unreasonable delay." (*Gray* v. *Times-Mirror Co.*, 11 Cal.App. 155, 164 [104 P. 481].) ██ The burden then "was upon plaintiff to show that he had diligently prosecuted the action and that the delay was not unreasonable" (*Black Bros. Co.* v. *Superior Court, supra*, p. 507).

██ In *Black*, plaintiff made a showing to the trial court which was inadequate. Here he made no showing whatever. It follows that this case, even more strongly than *Black*, demonstrates abuse of discretion in denial of dismissal.

Plaintiff has filed in this court a copy of a certificate of dissolution of petitioner corporation, filed with the Secretary of State March 31, 1965. This document was not before the trial court. Thus it could not have afforded a basis for exercise of its discretion. In any event, it fails to support the contention of plaintiff that, because of the absence from the certificate of any provision for service of process, plaintiff was unable to serve petitioner. A statute makes specific provision for service of summons upon a dissolved corporation (Corp. Code, § 3305). If no individual designated by the section can be found, an order may be obtained for service upon the Secretary of State. We note two additional factors negating due diligence: (1) summons eventually was served on one of the persons named in the certificate of dissolution as guarantor of payment of petitioner's tax liabilities; (2) codefendants IBM Corporation and Westinghouse Electric Corporation, although widely known and openly conducting business in San Francisco, were not served until the day before service upon petitioner. The offered excuse is both belated and inadequate.

██ Recent filings indicate a considerable unawareness of the rule of *Black Bros*. We publish this opinion to emphasize that rule by repeating it. Even though a motion to dismiss for lack of prosecution is made within the discretionary (two to five years) period, it must be granted unless opposed by an adequate showing of diligence or excuse for delay. Absent such showing, counsel cannot remain idle and hope for a grant of leniency which is beyond the court's power. . .

██ The compensation carrier for plaintiff's employer filed a complaint in intervention in the basic action. The motion to

dismiss was directed to it as well as to plaintiff. The carrier failed to oppose the motion below and although served with the alternative writ of mandate, has not made any response here. Thus the complaint in intervention also should be dismissed.

Let peremptory writ of mandate issue, directing the court below to vacate its present order and to grant the motion to dismiss the actions of plaintiff and complainant in intervention as against petitioner.

Brown (H. C.), J., and David, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.