276 Cal.App.2d 419 (1969)
EARL J. RODDE et al., Plaintiffs and Appellants,
v.
TROUSDALE CONSTRUCTION COMPANY et al., Defendants and Respondents.
Civ. No. 33641. 
California Court of Appeals. Second Dist., Div. One. 
Sept. 25, 1969.
 Musick, Peeler & Garrett and Bruce Clark for Plaintiffs and Appellants. *420
 Schell & Delamer, Douglas W. Richardson, Russell & Schureman, Robert W. Hancock, Murchison, Cumming, Baker & Velpmen, Ronald R. McQuoid, Miller, Vandegrift, Middleton & Sackin, Thomas J. Middleton, Gibson, Dunn & Crutcher, Sherman S. Welpton, Jr., Charles S. Battles, Jr., Douglas M. Hindley, Booth, Mitchel, Strange & Willian, Owen W. Strange, Kirtland & Packard and Harold J. Hunter, Jr., for Defendants and Respondents.
 LILLIE, J.
 On June 17, 1963, plaintiffs filed an action for damages against various named defendants, the date of filing being approximately three years after they took occupancy of a newly constructed home in Beverly Hills (July 4, 1960) purchased by them one month earlier. Difficulties subsequently developed, and the several causes of action therein alleged, based on theories of negligence, warranty and fraud, make reference to defects and deficiencies consisting of cracks in the plaster as well as in the floor and terrazzo, breaking of water pipes, subsiding of the swimming pool and other adverse developments, all of which were assertedly due to settling caused, in turn, by the construction of the residence on land improperly graded and filled. Although all pleading was completed by February 11, 1964, an "At Issue Memorandum and Certificate of Readiness" was not filed until January 23, 1968, by plaintiffs' then attorneys. The defendants then filed motions to dismiss for want of prosecution after two years from the filing of the complaint (Code Civ. Proc., 583.) The motions were granted, and plaintiffs appeal from the ensuing order dismissing the action.
 The governing statute fixes at two years the minimum time which must elapse after the filing of a complaint and before a dismissal may be granted. Since more than four years and eight months elapsed here, the only question is whether the trial court abused its discretion under the statute--"The court may in its discretion dismiss any action for want of prosecution ... whenever plaintiff has failed for two years after action is filed to bring such action to trial ...." (Code Civ. Proc., 583.) [1] Preliminary, the discretion of concern here is that of the trial court, not this court, whose action will be disturbed only on a showing of manifest abuse. (Hayashi v. Lorenz, 42 Cal.2d 848, 851 [271 P.2d 18].)plaintiffs contend, although it is not expressly so stated, that they have met the burden necessarily incumbent upon them (Gurst v. San Diego Transit System, 119 Cal.App.2d 51, 55 [258 P.2d 1109]) in that regard. [2] A careful appraisal of the *421 several considerations advanced, all to the end that the concept of substantial justice requires that this case be heard on its merits, convinces us that the granting of the motions was well within the bounds of reason, all of the circumstances before the court being considered. (Berry v. Chaplin, 74 Cal.App.2d 669, 672 [169 P.2d 453].)
 Although plaintiffs' present counsel were not substituted until after the certificate of readiness was filed, it is not contended that they assumed direction of their clients' cause with all of its benefits but none of its liabilities. The responsibility of diligent prosecution at every stage of the proceeding being on plaintiffs (Paul W. Speer, Inc. v. Superior Court, 272 Cal.App.2d 32, 37 [77 Cal.Rptr. 152]; Market-Front Co. v. Superior Court, 271 Cal.App.2d 505, 507 [76 Cal.Rptr. 526]; City of Los Angeles v. Superior Court, 271 Cal.App.2d 292, 295 [76 Cal.Rptr. 256]; Black Bros. Co. v. Superior Court, 264 Cal.App.2d 501, 506 [71 Cal.Rptr. 344]; Preiss v. Good Samaritan Hospital, 171 Cal.App.2d 559, 563 [340 P.2d 661]), they make an effort to show that they complied with the foregoing requirement. On November 19, 1965, more than two years after the commencement of the instant action, paintiffs' former attorneys filed suit against the same defendants herein on behalf of plaintiffs' next door neighbors, Mr. and Mrs. Maness, whose residence had experienced similar damage, though not as severe as that alleged here. It is asserted in papers opposing the motions to dismiss that plaintiffs' then counsel intended to seek consolidation of the two cases for trial; significantly, however, such intention was never communicated to defendants. Although not at issue until May of 1966, extensive discovery was conducted in the Maness action, depositions of certain defendants having been taken in the months of January 1966 through May of that year; still another deposition in that case was taken in May of 1967. Meantime, although at issue since February of 1964, nothing had been done in the instant matter until written interrogatories were served on defendant California Drilling & Blasting Company late in January of 1966; the answers thereto were received the following month.
 At or about the time of the foregoing discovery, and continuing through January of 1968, additional discovery (referred to as "informal") was carried out; it consisted of examining "various documents, records and photographs, including contracts and reports," assertedly to be used in both cases. It is stated that access to some of the above material *422 voluntarily was made available by certain of the defendants in this proceeding. On the other hand, while it is not denied that meaningful settlement discussions with all defendants had ended as far back as March of 1965 or thereabouts, emphasis is placed by plaintiffs here on the difficult fact situation at bar, illustrated (they say) by disagreement among experts as to whether subsidence would continue or had stabilized, which militated against agreement as to the extent of defendants' liability.
 The trial court was also confronted with the following uncontradicted matters: On January 23, 1968, former counsel filed an at issue memorandum, which was followed the next day by that firm's notice of motion to withdraw. The basis for the subsequent order permitting their withdrawal was the alleged failure and refusal of plaintiffs to make suitable financial arrangements for the firm's representation of their interests.present counsel, substituted on February 1, 1968, then moved to specially set pretrial conference, disposition of which was continued by reason of the pending motions by all defendants concerned to dismiss for want of prosecution.
 Citing Weeks v. Roberts, 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361], plaintiffs point out that the power to dismiss, being discretionary, the trial court should view the facts of the entire situation, "taking into account any unusual circumstances, and acting to promote substantial justice." (P. 806.) In this regard, the concluding statement in plaintiffs' brief declares that "where financial hardship is a factor, the concept of substantial justice for all becomes more and more substantial justice for some." We are not referred to any reported decision, nor do we know of one, which in light of circumstances similar to those at bar gives even lip service to the concept that lack of economic resources is sufficient excuse for failure to prosecute with diligence. Furthermore, there is no showing (nor representation to such effect) that plaintiffs actually suffered from any financial hardship. Thus, it is not averred that they were "unable" to do so but, instead, that they "refused" and "failed" to make the necessary financial arrangements; under such circumstances, plaintiffs' conceded omission in the premises in itself is properly construable as showing their lack of diligent prosecution. [fn. 1] *423
 It is next contended that since there was no lack of diligence in the Maness case, it follows that plaintiffs have not been dilatory in the prosecution of this action. However, more than two years elapsed between the filing of the present suit and the commencement of the Maness case; too, there was an interval of some 21 months from the date this matter was at issue to the date of the filing of the Maness suit. Without question formal discovery was undertaken promptly and vigorously in the Maness action--we can only surmise that if suitable arrangements had been made by plaintiffs here with their attorneys, there would have been similar formal discovery in this proceeding. But the fact remains that considerable periods of inactivity occurred in the instant action even after the Maness case was filed; thus, nothing transpired between a deposition taken on May 9, 1966, and another deposition conducted some 10 months later (March 6, 1967). Except for "informal discovery" consisting of the examination of some photographs and grading contracts, again nothing occurred until another 10 months later when the at issue memorandum was filed in January of 1968. True, these later periods of inactivity encompassed less than two years, but the minimum period (two years) runs from the filing of the complaint and not from the commencement of the inactivity. (McKenzie v. Albaeck, 219 Cal.App.2d 97, 99 [32 Cal.Rptr. 762].) Finally, even assuming that the activity in the Maness case can be credited to the prosecution of plaintiffs' claims in this proceeding, there was no stipulation or motion to allow discovery in one case to be used in the other. At no time did plaintiffs move for consolidation; furthermore, for the purposes of section 583, Code of Civil Procedure, actions which have been consolidated are treated as distinct. (General Motors Corp. v. Superior Court, 65 Cal.2d 88 [52 Cal.Rptr. 460, 416 P.2d 492].) "[I]t would seem that in applying the provisions of Code of Civil Procedure section 583, individual actions brought by plaintiffs should be treated as distinct even though they have been consolidated, and the time for bringing each action to trial should be measured from the time that particular action was filed." (65 Cal.2d at p. 93.)
 There is, of course, no merit to plaintiffs' additional point that defendants have not attempted to show any prejudice resulting from the passage of time. The manifest answer to such contention is that "The law will presume injury from *424 unreasonable delay." (Gray v. Times-Mirror Co., 11 Cal.App. 155, 164 [104 P. 481]; Market-Front Co. v. Superior Court, 271 Cal.App.2d 505, 507 [76 Cal.Rptr. 526]; see also Breckenridge v. Mason, 256 Cal.App.2d 121, 128-129 [64 Cal.Rptr. 201], and cases there cited.) Nor is there any merit to the further claim that the delay was justified by the assertedly difficult and complicated fact situation at bar. In light of the extended periods of plaintiffs' inactivity, the trial court could well conclude that the explanation for the delay in bringing the case to trial was insufficient. (See Black Bros. Co. v. Superior Court, 365 Cal.App.2d 501, 509 [71 Cal.Rptr. 344].)
 We perceive no "unusual circumstances" which would bring this case within the rule referred to in Weeks v. Roberts, supra, 68 Cal.2d 802; too, the several other cases relied on by plaintiffs are clearly distinguishable--for example, see Daley v. County of Butte, 227 Cal.App.2d 380, footnote 1 [38 Cal.Rptr. 693] herein. Under all the circumstances, the trial court not only had the power but the duty to dismiss the action upon defendants' motions. (See Breckenridge v. Mason, supra, 256 Cal.App.2d 121, 127.)
 The order is affirmed.
 Wood, P. J., and Thompson, J., concurred.
NOTES
[fn. 1] 1. The above notwithstanding, plaintiffs nevertheless cite Daley v. County of Butte, 227 Cal.App.2d 380 [38 Cal.Rptr. 693], where the order of dismissal was reversed upon a showing that plaintiff herself had been diligent but her counsel's neglect was "inexcusable and extreme, amounting to positive misconduct." (P. 391.) Here, however, former counsel were compelled to withdraw because of plaintiffs' unwillingness to pay them for their services.