[L.A. No. 29821. In Bank. Jan. 25, 1971.]

MALCOLM WOOLFSON, Plaintiff and Appellant, v.
PERSONAL TRAVEL SERVICE, INC., et al.,
Defendants and Respondents.

**COUNSEL**

Hillel Chodos for Plaintiff and Appellant.

Leslie, Rubin & Teplin and Lawrence Teplin for Defendant and Respondent.

**OPINION**

McCOMB, J.—Plaintiff appeals from an order dismissing an action for want of prosecution.

*Facts:* By a complaint filed in February 1966, plaintiff sued for breach of contract and defamation. Defendants' pleadings and discovery proceeded until December 1966. Plaintiff's discovery proceeded until September 1967. Other than an abortive settlement conference, there was then a 17-month period of inactivity, which terminated in February 1969 when plaintiff filed an at-issue memorandum. Two months later, defendants moved, under section 583, subdivision (a), of the Code of Civil Procedure, to dismiss the action for want of prosecution.[1] The matter was heard, and in May 1969 (three years and three months from the filing of the complaint) defendants' motion to dismiss was granted.

Question: *Is plaintiff entitled to a reversal of the order of dismissal, so that the trial court will have an opportunity to exercise its full discretion in the light of this court's decisions in Denham v. Superior Court, 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193], and its companion case, Martindale v. Superior Court, 2 Cal.3d 568 [86 Cal.Rptr. 71, 468 P.2d 199]?*

*Yes.* At the time the motion to dismiss was heard, this court had not handed down its decisions in *Denham* and *Martindale.* Thus, the rule enunciated in *Breckenridge v. Mason,* 256 Cal.App.2d 121, 127 [64 Cal. Rptr. 201], *Black Bros. Co. v. Superior Court,* 265 Cal.App.2d 501, 507

---

[1]Section 583, subdivision (a), of the Code of Civil Procedure provides: "The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. . . ."

[71 Cal.Rptr. 344], *City of Los Angeles* v. *Superior Court,* 271 Cal.App.2d 292, 298 [76 Cal.Rptr. 256], *Market-Front Co.* v. *Superior Court,* 271 Cal. App.2d 505, 506-507 [76 Cal.Rptr. 526], *Paul W. Speer, Inc.* v. *Superior Court,* 272 Cal.App.2d 32, 36, 37 [77 Cal.Rptr. 152], and *Carnation Co.* v. *Superior Court,* 1 Cal.App.3d 891, 895 [82 Cal.Rptr. 98], that, despite the discretionary language of the dismissal statute, a motion to dismiss for want of prosecution "must" be granted unless it is opposed by an "adequate" showing of excuse for delay, had not been disapproved by this court. Not surprisingly, therefore, the trial judge, in ruling on the motion to dismiss, indicated that he considered himself bound by those cases and felt that in the circumstances he was *required* to grant the motion.[2]

In *Denham* and *Martindale,* however, this court by unanimous opinions called an abrupt halt to the line of Court of Appeal decisions above referred to, originating with *Breckenridge.* We there held that dismissal under section 583, subdivision (a), of the Code of Civil Procedure is mandatory "only when there is an entire absence of any showing constituting good cause." (2 Cal.3d at p. 564.) ■ We made it clear that "[t]he statute places no restrictions on the exercise of the trial court's discretion, and in particular there is no requirement that the motion to dismiss 'must' be granted unless opposed by an adequate showing of diligence or ex-

---

[2]For instance, at the original hearing on the motion, the trial judge stated: "The cases [the Court of Appeal cases hereinabove cited] put upon [plaintiff] the burden of showing why the delay. As a matter of fact, *they say that the Court has no discretion and must dismiss unless excusable delay is shown by the plaintiff.*" (Italics added.)

The court gave plaintiff's counsel a continuance to file additional reasons justifying the 17-month delay, but warned, "I will tell you frankly, if they are not adequate, I think that this should be, *under the cases cited,* dismissed." (Italics added.)

Upon reconvening, the court announced a tentative ruling granting defendants' motion on the ground that the "opposition declaration for which this hearing was continued from May 14, 1969, still falls short of showing excusable delay as required by *Breckenridge, Black Brothers, City of Los Angeles, Market-Front.*" (Italics added.)

The explanations offered by plaintiff's counsel for the delay were, chiefly, that he had been unable to consult with his client on the subject of litigation expenses, the latter having gone to England to act as executor upon his father's death, and that he was a sole practitioner and had been tied up in two trials during the several months in question. Defendants' counsel argued that the explanations offered did not constitute a showing of excusable delay and that under *Breckenridge* and the other Court of Appeal cases cited above it would be an abuse of discretion not to grant the motion. The trial judge granted the motion, saying: "Well, I have said to you before that *it is a difficult thing to dismiss these cases. And each one of* them that I have dismissed since having been here has been a difficult thing for me to do.

"I never had one as eloquently argued as [plaintiff's counsel] has argued this one, but I still must agree with [defendants' counsel], and *I think I have got to grant it.*" (Italics added.)

cuse for delay," and disapproved any language to the contrary in the cited Court of Appeal cases. ■ In the present case, the record does not show "an entire absence of any showing constituting good cause." As a result, dismissal was not mandatory.

■ Since the policy underlying the dismissal statute is less powerful than that which seeks to dispose of litigation on the merits rather than on procedural grounds (2 Cal.3d at p. 566), plaintiff is entitled to a proper ruling at the trial level. ■ Had the trial judge exercised his discretion in ruling on the motion, it would be disturbed only for clear abuse. (2 Cal.3d at p. 564.) ■ The record shows, however, that the trial judge did not in fact exercise his discretion in ruling on the motion.

Accordingly, the order of dismissal is reversed, and the cause is remanded to the trial court to permit it to exercise its full discretion in the light of this court's decisions in *Denham* and *Martindale*.

Wright, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.