[No. B009841. Second Dist., Div. Three. Jan. 30, 1987.]

WILLIAM W. MARTIN et al., Cross-complainants and Appellants, v. K & K PROPERTIES, INC., et al., Cross-defendants and Respondents.

**COUNSEL**

Richard L. Nobel, in pro. per., Nobel, Campbell & Uhler and Stephen W. Holohan for Cross-complainants and Appellants.

Hill, Wynne, Troop & Meisinger, Louis M. Meisinger, Michael L. Thornburg, Mark L. Black, Anthony M. Basisch, Hochman, Salkin & DeRoy, George DeRoy, Breidenbach, Swainston, Yokaitis & Crispo, Breidenbach, Swainston, Crispo & Way, Gary A. Hamblet and Margaret E. Dunk for Cross-defendants and Respondents.

**OPINION**

**KENNARD, J.**\*—Respondents in this matter are William Everett Kane, Barbara Kelly, and K&K Properties, Inc. They are the original plaintiffs and cross-defendants. Appellants are William W. Martin, Richard L. Noble, Robert E. Mosher, and the Legal Action Committee for Marlin Investments. The committee represents some 400 creditors in an underlying bankruptcy action filed in the federal court in 1976. The committee was formed to

---

\*Assigned by the Chairperson of the Judicial Council.

protect the creditors' interests and to pursue legal actions against respondents. Appellants are the original defendants and cross-complainants.

Appellants appeal from a dismissal of their cross-complaint under subdivisions (a) and (b) of former section 583 of the Code of Civil Procedure (hereafter sections 583(a) and 583(b)). These orders of dismissal are directly appealable (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 345 [228 Cal.Rptr. 504, 721 P.2d 590]; *Manor Drug Stores* v. *Blue Chip Stamps* (1977) 71 Cal.App.3d 423, 424 [139 Cal.Rptr. 483]), and we affirm them.

### BACKGROUND

This case comes to us on a voluminous clerk's transcript of 4,717 pages. To understand the complex background out of which this matter arose requires a brief discussion of the various lawsuits leading to the present action.

From 1969 to 1975, Barry Marlin sold interests in limited partnerships and joint ventures. In December 1975, respondents William Kane and Barbara Kelly formed K&K Properties, Inc. They entered into an agreement with Marlin, whereby the latter would receive 80 percent of outstanding shares in return for a transfer of the assets and liabilities of 18 of Marlin's limited partnerships and joint ventures (hereafter referred to as A&C Properties). In August 1976, A&C Properties filed for bankruptcy in the federal court. In December 1977, with the approval of the bankruptcy court, appellants and respondents entered into a settlement agreement.

In March 1979, appellants brought an adversary proceeding against respondents in the underlying bankruptcy matter, alleging, among other things, violations of the federal securities law. Claiming the lawsuit to be in violation of the settlement agreement entered between the parties in the bankruptcy matter in December 1977, respondents sued appellants in the superior court in April 1979. The suit alleged causes of action for breach of contract, declaratory relief, breach of covenant of good faith, fraud, and abuse of process.

Following the dismissal of their March 1979 lawsuit in the federal court, appellants on August 20, 1979, filed another lawsuit against respondents in the underlying bankruptcy matter, alleging fraud. On that date, appellants also filed a cross-complaint against respondents in the superior court for fraud, declaratory relief, and abuse of process. After dismissal of their second lawsuit in the underlying bankruptcy matter, appellants in August 1981 filed

a third action against respondents in federal court, independent of the bankruptcy proceeding. Except for a cause of action for abuse of process, the third federal suit alleged causes of actions virtually identical to those asserted in the cross-complaint filed in superior court. The third federal action too resulted in a dismissal, and was being appealed to the Ninth Circuit at the time of the section 583 dismissals in the superior court in this case.

As to appellants' cross-complaint in the superior court, the dismissal of which led to this appeal, appellants did not serve it on respondents until just two days before expiration of the statutory three-year period for service under former Code of Civil Procedure section 581a. On November 2, 1982, appellants granted respondents an open-ended extension to respond to the cross-complaint, subject to 30 days notice of withdrawal. The written grant expressly provided that the extension was "not intended to operate as a stipulation to extend the five year rule with respect to the Cross-complaint."

In early June 1983, almost four years after the filing of the cross-complaint, appellants filed and served an amended cross-complaint, adding a cause of action for violations of the state securities laws. Appellants granted respondents the same open-ended extension as had been granted with respect to the original cross-complaint. On November 2, 1983, the parties stipulated to extend the complaint's trial date to August 20, 1984, the date on which the statutory five-year period on the cross-complaint was to expire. Also on November 2, 1983, the parties agreed to have the trial-setting conference scheduled for that date taken off calendar and to have the matter taken off the civil active list.

On May 30, 1984, four years and nine months after the filing of the cross-complaint, appellants withdrew their "open extension" grant and demanded a response to their first amended cross-complaint. On June 5, 1984, appellants filed an ex parte motion to shorten the time to respond to less than 30 days. The court denied the motion. In July 1984, appellants moved for an order granting relief from certain class action procedures. On August 9, 11 days before expiration of the five-year period, appellants filed an "At Issue Memorandum" and a motion to specifically set the case for trial. As to the latter motion, appellants applied ex parte to have it heard on August 13, 1984, one week before the five-year deadline. In granting the ex parte motion, the trial court set August 15 rather than August 13 as the hearing date.

On August 10, 1984, respondents filed their opposition to appellants' motion to obtain relief from the class action requirements. On August 15, the trial court set a trial-setting conference for November 16, 1984. On

August 20, the five-year statute expired, and on September 20, 1984, the trial court granted respondents' motions to dismiss the cross-complaint for failure to prosecute under section 583(a), and failure to bring the action to trial within five years under section 584(b).[1] Judgment thereon was entered on October 5, 1984. This appeal followed.

ISSUES

We are asked to determine the propriety of the trial court's dismissal of appellants' cross-complaint under both subdivisions (a) and (b) of section 583.

DISCUSSION

1. *Dismissal Under Section 583(a)*

When respondents moved for dismissal under former section 583(a), the section provided in pertinent part: "The court, in its discretion, . . . may dismiss an action for want of prosecution . . . if it is not brought to trial within two years after it was filed." The trial court's ruling will not be disturbed unless there has been a clear abuse of discretion. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58]; *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].) The purpose underlying section 583(a) is to compel reasonable diligence in the prosecution of lawsuits. (*Jensen* v. *Western Pac. R.R. Co.* (1961) 189 Cal.App.2d 503, 596-597 [11 Cal.Rptr. 444].) The rationale supporting the need for reasonable diligence is that it will " 'promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed' " (*Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019, 1028 [213 Cal.Rptr. 712]), and will expedite the administration of justice " 'by compelling every person who files an action to prosecute it with promptness and diligence' " (*Blank* v. *Kirwan, supra*, at p. 332). Prejudice to a defendant is inherent when actions are dilatorily prosecuted. (*Ibid.*; *Dunsmuir Masonic Temple* v. *Superior Court* (1970) 12 Cal.App.3d 17, 23 [90 Cal.Rptr. 405].)

In ruling on a motion for dismissal under section 583(a), the trial court must consider certain factors set forth in rule 373(e) of the California Rules of Court. Among those factors are the availability of the moving party for service of process, the diligence of the parties in pursuing discovery or other pretrial proceedings, the nature and complexity of the case, "the pendency

---

[1]Both sections were repealed in 1984. Their substance, however, was reenacted in section 583.410 (as to § 583(a)) and sections 583.310 through 583.360 (as to § 583(b)).

of other litigation under a common set of facts or determinative of the legal or factual issues in the case," the condition of the court's calendar, and whether the interests of justice are best served by dismissal or trial of the case.

 Here, in granting the dismissal under section 583(a), the trial court specifically mentioned it had considered all of the factors set forth in rule 373(e). Appellants' failure to serve respondents for a period of almost three years after the filing of the cross-complaint was prima facie a sufficient basis for dismissal. (*Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 404 [153 Cal.Rptr. 912].) It also appears that appellants initiated no discovery until more than four years had elapsed and the matter had been taken off the civil active list. Additionally, they did not file an at-issue memorandum until more than four and one-half years after the filing of their cross-complaint. Under these circumstances, dismissal under section 583(a) was proper. (*Corlett* v. *Gordon* (1980) 106 Cal.App.3d 1005, 1013-1014 [165 Cal.Rptr. 524].)

Citing *Meraia* v. *McCann* (1978) 83 Cal.App.3d 239 [147 Cal.Rptr. 756], appellants maintain the open-ended extension of time granted to respondents excused appellants from their obligation to prosecute within the statutory period, and therefore the trial court's dismissal was improper. In *Meraia,* the effect of the open-ended stipulation was an indefinite extension of time, which was subject to termination by ten days notice. Thus the full import of the stipulation in *Meraia* was to excuse the plaintiff from the burden of diligent prosecution. On those facts, this court held in *Meraia* that the dismissal under section 583(a) was an abuse of discretion. Here, on the other hand, the stipulation expressly stated that the open-ended extension did not extend the trial date beyond the statutory time. Appellants were therefore put on notice that they were not excused from diligently prosecuting their cross-complaint. Unlike the situation in *Meraia,* therefore, the stipulation in this case was not one which could have lulled appellants into a false sense of security against dismissal, and appellants' reliance on *Meraia* is misplaced.

2. *Dismissal Under Section 583(b)*

 Former section 583(b) provided for dismissal of an action not brought to trial within five years after its filing unless the parties had filed a written stipulation to extend the statutory period. Implied exceptions to the statute have been recognized where going to trial would be impossible, impracticable or futile. (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 237-238 [197 Cal.Rptr. 546, 673, P.2d 216]; *Minkin* v. *Levander* (1986) 186 Cal.App.3d 64, 69 [230 Cal.Rptr. 592].) What is impossible, impracticable

or futile must be determined from the circumstances in a particular case, including the conduct of the parties and the nature of the proceedings. The critical factor is whether the plaintiff exercised *reasonable diligence* in prosecuting the case. (*Moran* v. *Superior Court, supra,* at p. 238.) ■ The burden is on the plaintiff to see to it that the action is brought to trial within the five-year period. (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 548, fn. 6 [105 Cal.Rptr. 339, 503 P.2d 1347].) Because a defendant's presence in the case is involuntary and he is put to a defense only, no more can be expected of him than to meet the plaintiff step by step. (*Ibid.*) "[A]s the time passes from two years nearer to five, the showing required to excuse a failure to bring a case to trial grows greater and greater. [Citations omitted.]" (*Corlett* v. *Gordon* (1980) 106 Cal.App.3d 1005, 1013 [165 Cal.Rptr. 524].) ■ As in the case of a section 583(a) dismissal, a trial court's ruling on a motion to dismiss under section 583(b) will be disturbed only upon a showing of a manifest abuse of discretion. (*Salas* v. *Sears, Roebuck & Co., supra,* 2 Cal.3d 342, 346.)

■ Appellants argue that their involvement in other actions in the federal court made it impossible, impracticable and futile to bring their cross-complaint to trial in the superior court. In dismissing the cross-complaint, the trial court specifically found that the pendency of the federal actions did not make it impossible or impracticable to go to trial in this case. We agree. The fact that appellants were involved in the federal appellate process did not prevent them from getting ready for trial in the state matter. Appellants, however, waited until the eve of the five-year deadline before taking such action. Appellants fail to explain why they found themselves ready to proceed to trial just before expiration of the five-year period but were unable to do so earlier. A belated showing of diligence does not necessarily excuse an earlier unjustified protracted delay. (*Lopez* v. *Larson, supra,* 91 Cal.App.3d 383, 395.) We note that although the federal actions were identical in many respects, the cross-complaint brought by appellants in the state court also alleged abuse of process, a cause of action not asserted in any of the federal suits.

A trial court must comply with Code of Civil Procedure section 594, subdivision (a), which requires that an issue of fact may not be tried in the absence of an adverse party unless the latter has been given 15 days notice of the date set for trial. With only 11 days remaining before the trial deadline, appellants obviously could not meet Code of Civil Procedure section 594's requirement of 15 days notice of trial to the adverse parties, and consequently the trial court was without jurisdiction to set the case for trial before the August 20, 1984 deadline. (*Irvine National Bank* v. *Han* (1982) 130 Cal.App.3d 693, 697 [181 Cal.Rptr. 864].)

Citing *Campanella* v. *Takaoka* (1984) 160 Cal.App.3d 504 [206 Cal.Rptr. 745], appellants maintain the trial court was under a duty to set a preferential trial date in view of the approaching five-year deadline. Recently, the state Supreme Court rejected an identical contention in *Salas* v. *Sears, Roebuck & Co., supra,* 42 Cal.3d 342, 349. The court disapproved *Campanella* to the extent it held that in exercising its discretion in ruling on a motion for special trial preference a trial court could not consider a plaintiff's lack of diligence or prejudice to the defendant once the five-year deadline was imminent. The *Salas* court held that although the approach of the five-year deadline is a critical factor in a trial court's ruling on a motion for preference in trial setting, it is not conclusive. The trial court must consider the total picture, including the court's calendar, dilatory conduct by the plaintiff, prejudice to the defendant in the event of an accelerated trial date, and the likelihood of eventual mandatory dismissal if the request for a preferential trial date is denied. (*Ibid.*) "[T]o require mandatory early trial setting without regard to a plaintiff's diligence . . . would in effect reward unreasonable procrastination to the prejudice of defendants, to diligent litigants who have had trials set and as a result will lose their priority, and to our already overburdened court calendars." (*Ibid.*)

Based on appellants' total lack of diligence and their failure to comply with the 15-day trial notice requirement of section 594, we find no abuse of discretion in the trial court's actions.

■ Appellants contend respondents "are estopped from asserting section 583(b)" because of the open-ended extension granted them, first with respect to the original cross-complaint and later with respect to the first amended cross-complaint. ■ The doctrine of estoppel applies when a person lulls another " 'into a false sense of security by conduct causing the latter to forebear to do some things which he otherwise would have done and then take advantage of the inaction caused by his own conduct.' " (*Tresway Aero Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 437-438 [96 Cal.Rptr. 571, 487 P.2d 1211].) ■ Here, the written stipulation by which appellants granted respondents an open-ended extension to respond expressly provided that it did not extend the statutory five-year period in which to bring the cross-complaint to trial. Appellants were thus put on notice that respondents had reserved their right to seek a dismissal under section 583(b) upon appellants' failure to bring the cross-complaint to trial within the statutory period.

Additionally, appellants contend estoppel applies because of the stipulation extending the time to try the complaint to August 20, 1984, the same day on which the five-year statute would run on the cross-complaint. Since

the agreement made no change in the trial date on the cross-complaint, it is difficult to see how this could have lulled appellants into a false sense of security, causing them to refrain from diligent prosecution.

Appellants' last ground for estoppel is based on the agreement between them and respondents to take off calendar the trial-setting conference scheduled for November 2, 1983. There simply is no showing by appellants how they relied on this agreement to their detriment.

Appellants have presented no facts to persuade us that respondents' conduct induced them to refrain from diligent prosecution. We therefore reject appellants' contention that respondents are estopped from asserting their right to dismissal under section 583(b). *Evans* v. *City of Los Angeles* (1983) 145 Cal.App.3d 142, 150 [193 Cal.Rptr. 282].)

### DISPOSITION

The trial court did not abuse its discretion in granting a dismissal of appellants' cross-complaint under both subdivisions (a) and (b) of section 583. We therefore affirm the orders of dismissal.

Danielson, Acting P. J., and Arabian, J., concurred.

A petition for a rehearing was denied February 27, 1987, and appellants' petition for review by the Supreme Court was denied April 22, 1987.