[Civ. No. 6910.   Fourth Dist.   Jan. 31, 1963.]

LARRY DuBOIS et al., Plaintiffs and Appellants, v. PEARL LAND et al., Defendants and Respondents.

564

A. Morgan Jones for Plaintiffs and Appellants.

Jennings, Engstrand & Henrikson and John H. Whitney for Defendants and Respondents.

MONROE, J. pro tem.*—The appellants herein filed their petition in the Superior Court for a writ of mandate to require the Board of Directors of Leucadia County Water District to take the necessary steps for the holding of a referendum by submitting to the voters in the area sought to be included in what is known as Inclusion No. 1, the question of whether the voters would approve or veto such inclusion. The substance of petitioners' claim is that the statutes covering county water districts and particularly those provisions referring to the inclusion of property within the district should be construed as requiring that when an ordinance for the inclusion of property is passed by the board, the voters within that area have the right to a referendum of that ordinance. The trial court having denied the writ, this appeal was taken.

*Assigned by Chairman of Judicial Council.

■ The matter was presented to the trial court upon a stipulation of fact made in open court, and therefore the questions involved are questions of law.

Briefly stated, the facts are that Leucadia County Water District is a water district in San Diego County duly organized pursuant to sections 30000 through 33901 of the California Water Code. A petition was filed for the inclusion of land within the district, and on December 17, 1960, the board of directors, after hearing, adopted their ordinance no. 2 for such inclusion.

On January 16, 1961, there was filed with the board a petition for referendum of ordinance no. 2. This petition was signed by the number of registered voters required for such referendum. It was stipulated, however, that the petition for referendum was signed exclusively by registered voters residing within the territory sought to be included and that none of the persons signing were registered voters residing within the Leucadia County Water District. The board denied the petition for referendum and thereafter, in regular order, the Secretary of State, on January 23, 1961, issued his certificate of annexation in accordance with Water Code section 32450. At the trial it was further stipulated that the petitioners, being the appellants herein, are owners of property within the area sought to be included.

On this appeal the appellants present two questions: First, whether or not the sections of the California Water Code dealing with inclusion of lands are to be construed as providing that the registered voters living within the area sought to be included have a right of referendum of the ordinance for inclusion. Second, whether such statute, unless construed as appellants contend, would be discriminatory as to the provisions for annexation, and therefore unconstitutional.

The contentions of appellants with reference to the construction of the statute were presented to the trial court and that court, in a well reasoned opinion, held that the statute was not susceptible to the construction for which petitioners contended.

■ With respect to the construction of the statute, a complete answer to the contention of appellants is that the provisions of the statute are clear and not ambiguous and make no provision for such referendum.

Water Code section 32400 and succeeding sections provide for the inclusion of lands within the district. By section 32402, it is provided that a petition for inclusion may be

presented by a majority in number of the holders of title to a tract of land or the holders of title to a majority in acreage of the land, or by a majority in number of the voters residing within the tract.

Section 32406 provides that if the petition is signed by voters or by a majority in number of the holders of title to the land described and that the owners of a majority in acreage of such land file a written protest at or before the hearing, the land shall not be included in the district.

By section 32447, provision is made for a hearing before the board, at which hearing it is to be determined by the board, among other things, that the inclusion is for the best interests of the district and of the land sought to be included. This procedure was followed.

Section 32448 provides that if no petition for the holding of an election for the disapproval and veto by the electors is filed within the period provided by law, the ordinance for inclusion shall become effective. Thereupon, pursuant to section 32449, a certified copy of the ordinance is to be filed with the Secretary of State.

It is to be noted that section 32448 refers to a referendum by the "electors." In section 30021, "elector" and "voter" are defined as having the same meaning as in the Elections Code, but an "elector" or "voter" shall also be a resident of the district or proposed district involved. In sections 30200 and succeeding sections having to do with the formation of the district in the first instance, reference is constantly made to the "proposed district." In those sections of the code referring to inclusion, the property sought to be included is uniformly referred to as the "land proposed to be included."

It appears, therefore, that the unambiguous provision of the statute is that those provisions for referendum apply to the right to a referendum of the ordinance passed by the board of directors, and that the right of referendum clearly is vested in the voters and electors of the district itself. When, therefore, the board of directors adopted the ordinance in question, the voters and electors of the district had the immediate right to petition for an election to disapprove and veto that ordinance if they objected to it. No such petition was filed. The voters residing in the land sought to be included had no such right of referendum, for the obvious reason that they were not electors of the district. Until such time as the land sought to be included became finally a part of the district, the residents of that area were not voters of the district.

This construction of the statute is in accord with the accepted meaning and understanding of the referendum. The right of referendum under the Constitution of California gives to voters of a municipality or other entity the right by petition to have an election to disapprove or veto an ordinance or statute of that entity. No such right is given to the voters not residing therein. The trial judge succinctly summed up this proposition in the following language:

"It leaves the final right of veto in the voters residing in the political entity whose representatives passed the ordinance involved. This is how the referendum traditionally operates.

"This is the manner in which it was conceived to operate. Certainly nothing contained in the County Water District Act indicates a legislative intent to depart so radically from this procedure as is contended for here by petitioners."

Appellants contend, however, that the provisions of the statute in question should be construed as granting the right of referendum to the voters of the land sought to be included, for, they contend, any other construction would be discriminatory and therefore unconstitutional. They reason that by the terms of the statute the owners of a majority in acreage of the land sought to be included have the right to file a written protest prior to the adoption of the ordinance, and if so filed, the land may not be included. It is contended that this gives to the owners of the majority in acres, a right which is denied to the residents and voters of the area who may not be land owners and is therefore unfair and discriminatory.

A ready answer to this contention is that the appellants are property owners. Parties claiming to be residents or voters of the area but not owning property are not before the court. "It is elementary that only a member of the class discriminated against can attack the constitutionality of a plan on the charge of unconstitutional discrimination." (*California State Auto etc. Bureau* v. *Downey,* 96 Cal.App.2d 876, 907 [216 P.2d 882].)

The courts decline to hold statutes discriminatory or unconstitutional upon hypothetical issues not actually involved. (*Max Factor & Co.* v. *Kunsman,* 5 Cal.2d 446 [55 P.2d 177]; *Wholesale T. Dealers Bureau* v. *National etc. Co.,* 11 Cal.2d 634 [82 P.2d 3, 118 A.L.R. 486]; *In re Willing,* 12 Cal.2d 591 [86 P.2d 663].)

Furthermore, this court finds nothing discriminatory

or unfair in the statute. When there is presented the question of inclusion of land within a district, the main question to be determined is always whether such inclusion will be beneficial to the land and to the district itself. In this instance a petition may be filed by the owners of a majority in acreage of the land sought to be included. If the board finds the proposed inclusion a proper one, the ordinance may be adopted and the inclusion is binding upon all the land described. Although provision is made that the petition may be signed by a majority of the voters regardless of whether property owners or not, nevertheless, in such event the owners of a majority in acreage of the land have the right to file a protest with the board. The appellants in this action had the right to file a protest, and certainly if the owners of a majority in acreage of the land joined in such protest no such inclusion could have been made. Appellants would seek to place the final right of decision for the inclusion of the land or rejection of the petition with parties not property owners. This would be directly contrary to the intent of the Legislature.

■ Generally speaking, there is no improper discrimination in classification in a statute if that classification is reasonable. ■ In the event of inclusion the owners of the property to be included are affected most and have the most to lose or gain by the inclusion. They bear the greatest burden of expense involved. An essential question that must be determined is whether the land which they own will be benefited. To classify such land owners in one category and voters who do not own property in another category is obviously reasonable and justified. ■ An almost identical question was presented in *Field* v. *Barber Asphalt Paving Co.,* 194 U.S. 618 [24 S.Ct. 784, 48 L.Ed. 1142], wherein the court said, ''If the legislature saw fit to give to those most directly interested, and whose consent could be most readily obtained, the right to protest, such action did not deprive other persons of rights guaranteed by the Constitution.''

We find, therefore, that the trial court correctly construed the statutes and that such construction does not injuriously affect any constitutional rights of parties residing within the district.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.