[Civ. No. 23841. First Dist., Div. Two. Aug. 22, 1968.]

DENNIS HENRY BURNS, Plaintiff and Appellant, v. STATE COMPENSATION INSURANCE FUND et al., Defendants and Respondents.

Edwards, Friborg & Duda and Frederick R. Duda for Plaintiff and Appellant.

Edward I. Pollock, Robert E. Cartwright, Theodore A. Horn, Robert G. Beloud, Leo M. O'Connor and Leonard Sacks as Amici Curiae on behalf of Plaintiff and Appellant.

Bronson, Bronson & McKinnon, Maloney, Chase, Fisher & Hurst, Paul H. Cyril and Peter W. Fisher for Defendants and Respondents.

AGEE, J.—Plaintiff suffered a serious industrial injury while employed at a sawmill operated by Pickering Lumber Corporation. After receiving his workmen's compensation benefits, plaintiff brought this action for damages against State Compensation Insurance Fund (hereafter Fund) and California Inspection Rating Bureau (hereafter Bureau).

The Fund is Pickering's workmen's compensation insurer and the Bureau is a nonprofit, unincorporated association comprised solely of all of the workmen's compensation insurers licensed to do business in California.

In the first cause of action in the amended complaint, appellant alleges that the Fund and the Bureau, and each of them, for several years prior to his injury, performed safety inspections at the mill where he was injured; that the Fund and the Bureau agreed to and did inspect the mill for unsafe conditions and made written reports as to unsafe features, places, and practices they observed; that appellant's employer, Pickering, regularly received reports from the Fund and the Bureau and relied heavily upon their reports in carrying out its duties as an employer to provide a safe place to work; that Pickering recognized and accepted the purportedly skilled and highly qualified inspections made by the safety engineers, agents and servants of the Fund and the Bureau; that the Fund and the Bureau consulted and conferred together, making inspections and recommendations to Pickering for the carrying out of programs and practices to eliminate hazards as had been found in the mill; that these duties were either made gratuitously or in the alternative, by contract between Pickering, the Fund, and the Bureau; that the Fund and the Bureau breached their agreement to carefully inspect the mill and place of injury; that as a result of their breached agreement appellant was injured as a result of a dangerous and hazardous condition which the Fund and the Bureau failed to inspect and declare unsafe.

In the second cause of action in said amended complaint, appellant alleges that the Fund and the Bureau negligently and carelessly performed safety inspections at the mill under the agreement, or gratuitously agreed to be performed, and failed to note and recommend the unsafe condition to be corrected; that as a direct and proximate result of this negligence appellant was injured, as a result of which his leg was amputated.

The Fund's general demurrer to the foregoing amended complaint was sustained without leave to amend and judg-

ment was entered accordingly. The Bureau's motion for summary judgment was granted. Plaintiff appeals from both judgments.

### Right of Appellant to Sue Respondent Fund

Appellant contends that the Workmen's Compensation Law (Lab. Code, § 3201 et seq.) should be interpreted so as to permit an injured employee to maintain a cause of action in the superior court for negligence against his employer's compensation insurer where the alleged negligence of said insurer is a failure to fulfill its commitments with the employer regarding safety inspections of the working premises.

This issue was squarely decided in *State Comp. Ins. Fund* v. *Superior Court* (1965) 237 Cal.App.2d 416 [46 Cal.Rptr. 891] (hearing denied by Supreme Court), which is hereafter referred to as the *Breceda* case.

There the employee, one Breceda, was injured when a pile of lumber fell on him. After receiving medical expenses and a compensation award, he sued his employer's compensation insurer, alleging that it had negligently failed to inspect or negligently inspected the premises, as required by its policy,[1] and that this obligation of the policy was for the benefit of employees as well as employers.

A writ of prohibition was directed to the superior court on the ground that exclusive jurisdiction of the claim was vested in the Industrial Accident Commission.

Appellant here advances the same statutory and policy arguments discussed and rejected in the *Breceda* case (237 Cal.App.2d, at pp. 419-424). Likewise, the *Breceda* case considered and distinguished the authorities cited by appellant from other jurisdictions, noting that since "the statutes there being interpreted differ from California's system of workmen's compensation laws, the force of *Stare decisis* does not have the magnetic pull it otherwise would have." (P. 418. Cases cited and discussed in *Breceda* at pp. 425-427.)[2] *Bre-*

---

[1]The pertinent contract provision in *Breceda* called for " 'the inspection of work places covered by the Policy when and as deemed desirable by the Fund and thereupon to suggest to the Insured such changes or improvements as may operate to reduce the number or severity of injuries during work. . . .' "

[2]The only authority cited by appellant which is not discussed in *Breceda* is *Mager* v. *United Hospitals of Newark* (1965) 88 N.J. Super. 421 [212 A.2d 664]. The *Mager* case held that an insurer which maintains its own clinic for treatment of injured workmen and which is alleged to have negligently caused death to a workman in course of treating him for employment injuries is not immune from action for damages merely

*ceda* also discussed and analyzed *Duprey* v. *Shane* (1952) 39 Cal.2d 781 [249 P.2d 8], which is relied upon by appellant. No useful purpose would be served in reiterating the well-reasoned discussion of these points in the *Breceda* opinion.

Appellant acknowledges the existence of *Breceda* and makes no attempt to distinguish it factually. Instead he urges that ''There are compelling circumstances in this case and the application of the rule of *stare decisis* should not be blindly followed.''

■ Nevertheless, it is well settled that when the precise question of law has been decided by a Court of Appeal and the Supreme Court has denied a hearing, such decision will be followed as settling the law in the absence of a later decision of the Supreme Court qualifying or modifying the prior case. (*Cole* v. *Rush* (1955) 45 Cal.2d 345, 351 [289 P.2d 450, 54 A.L.R.2d 1137]; *Housing Authority* v. *Peters* (1953) 120 Cal. App.2d 615, 616 [261 P.2d 561].) Since we agree with the conclusion and reasoning of the *Breceda* case, our acceptance of that case as authority is not equivalent to blindly following the rule of *stare decisis*.

### Right of Employee to Sue Respondent Bureau

■ Appellant next urges that the trial court was incorrect in granting the Bureau's motion for summary judgment, arguing that the Bureau is ''an entity entirely separate and apart from the Fund.''

This raises the question of whether California law allows appellant, an injured employee, to sue the Bureau for negligence in its inspection of his employer's plant.

Contrary to appellant's contention, the Insurance Code expressly grants immunity to respondent Bureau from a suit such as the instant one.

California Insurance Code, division 2, part 3, article 3 (§§ 11750-11759), contains the various legislative provisions

---

because it was also compensation carrier of his employer. However, the holding in that case is not antithetical to the reasoning in *Breceda*. *Breceda* held that when an insurer assumes by contract the duty to inspect, it acts *as an insurer* and the Industrial Accident Commission has the exclusive jurisdiction to determine controversies between the employee and the insurer relating to the latter's performance of that obligation (p. 425). The court reasoned that safety inspections were inextricably interwoven with the Fund's status as an insurer since the fostering of safe working conditions is one of the principal purposes of the workmen's compensation system (pp. 424-425). Arguably the *Breceda* court would find that in maintaining a medical clinic the insurer steps from its role as insurer since the actual performance of the medical care, as opposed to compensation for its cost, is not one of the purposes of the workmen's compensation system.

governing workmen's compensation rating organizations. For purposes of the article, ''Rating organization'' includes an organization, such as the Bureau,[3] which has as its primary purpose the collecting of rating information, the making of rates, rating plants and rating systems for workmen's compensation insurance and employer's liability insurance (Ins. Code, § 11750.1, subd. (b)).

Insurance Code section 11750.3 provides in relevant part that ''A rating organization may be organized pursuant to this article and maintained in this State for the following purposes: . . . (d) To inspect risks for classification or rate purposes and to furnish to the insurer and upon request of the employer and after notice to the insurer, to furnish to the employer full information concerning the rates applicable to his insurance.'' This statute's express authorization of inspections of risks obviously comprehends the inspection of places of employment since the only ''risks'' relevant to workmen's compensation insurance are those encountered within the scope of employment.

Insurance Code section 11758 provides that ''No act done, [or] action taken . . . pursuant to the authority conferred by this article shall constitute a violation of or grounds for . . . civil proceedings under any other law of this State heretofore or hereafter enacted which does not specifically refer to insurance.''

The Bureau therefore enjoys immunity from civil suits for any negligence issuing from its inspection of employment plants, since inspections are actions taken pursuant to the authority conferred by the article.

Contrary to appellant's apparent contention, there is no reason why the inspections' ''indirect effect of safety promotion'' brings them outside the purview of statutory immunity from liability.

A new section, 11759, which has recently been added to this article of the Insurance Code, specifically grants rating organizations, such as the Bureau, exemption from liability for inspection deficiencies. (Ins. Code, § 11759, added Stats. 1967, ch. 1083, § 1.) The 1967 effective date of this section was subsequent to the instant summary judgment entered in 1966. However, the section offers support for our interpretation of

---

[3]Appellant has not challenged that the Bureau was organized pursuant to this article of the Insurance Code, but argues that ''though legislatively set up only for rating purposes they have intentionally and knowingly entered into the safety inspection business.''

the relevant statutes because it provides that "This section shall not be construed . . . as implying a legislative recognition that, except for the enactment of this section, a liability has existed or would exist in circumstances stated in this section."

█ Appellant contends that respondent Bureau has waived this defense by failure to raise it below, citing the general rule that ordinarily a point cannot be raised for the first time on appeal. However, it is well settled that the rule is inapplicable when, as in the present case, the facts are not disputed and the party merely raises new questions of law. (*Ward* v. *Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534]; *Burdette* v. *Rollefson Constr. Co.* (1959) 52 Cal.2d 720, 725-726 [344 P.2d 307] (application of statute to facts of case for first time on appeal); *Tyre* v. *Aetna Life Ins. Co.* (1960) 54 Cal.2d 399, 405 [6 Cal.Rptr. 13, 353 P.2d 725].)

### Alleged Violation of the Equal Protection Clause of the Fourteenth Amendment

Appellant's final argument is that in disallowing suits against the Bureau and the Fund for negligent inspection of an employer's plant California law violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.

Appellant's argument is that California law violates the equal protection clause of the Fourteenth Amendment by creation of an arbitrary class. That arbitrary class allegedly consists of the workmen's compensation insurers who are exempt from liability for their negligent inspection of an employer's plant while independent safety engineers performing the same inspections are liable for their negligence.

█ The first issue to be determined is whether appellant possesses the requisite standing to raise this constitutional issue. Broadly stated, this requirement is one that a party attacking the constitutionality of the statute must show some actual or threatened injury. Accordingly, it is often stated that where, as here, a statute is alleged to be discriminatory, only a member of a class discriminated against can attack it. However, where the complaining party is injured by the legislation, although not a member of the class discriminated against, he may raise the question. (*Griswold* v. *Connecticut* (1965) 381 U.S. 479, 481 [14 L.Ed.2d 510, 512, 85 S.Ct. 1678]; *Gowens* v. *City of Bakersfield* (1960) 179 Cal.App.2d 282, 283-285 [3 Cal.Rptr. 746]; see generally, 3 Witkin, Summary of Cal. Law (7th ed. (1960)) Constitutional Law, § 22,

pp. 1811-1812 and the same section of the 1967 Supp. at p. 697.) Although appellant is not a member of the class of independent safety engineers allegedly discriminated against, he is "injured" by the challenged legislation since it narrows the group against which he can recover for the same kind of negligent inspection of his employer's plant.

In determining the constitutionality of the immunity granted to negligent insurers in the performance of inspections, we start with the proposition that "the prohibition of the Equal Protection Clause goes no further than the invidious discrimination" (*Williamson* v. *Lee Optical Co.* (1955) 348 U.S. 483, 489 [99 L.Ed. 563, 573, 75 S.Ct. 461]). The test is, therefore, whether the statutory classification is based upon differences reasonably related to the purpose of the act in which it is found (*Morey* v. *Doud* (1957) 354 U.S. 457, 465 [1 L.Ed.2d 1485, 1491, 77 S.Ct. 1344]). Phrased specifically, the instant issue is whether the exemption of workmen's compensation insurers from liability for negligent inspections is based upon differences between those insurers and independent safety engineers which are reasonably related to the purposes of workmen's compensation.

Even the most cursory consideration reveals that the instant classification is a reasonable one. Safety in places of employment is a vital policy underlying the system of workmen's compensation laws. When an insurer inspects places of employment "it is performing a service which is inextricably interwoven with its status as insurer, one which it, with its greater resources, can better perform than can most employers, directly." (*Breceda, supra,* 237 Cal.App.2d at p. 424.) It may be reasonably concluded that absent such immunity compensation carriers might strike the provisions for inspection from their policies and the working conditions then left to the inexpert administration of employers would generally deteriorate (*Breceda, supra,* at p. 425).

Accordingly, since there is a reasonable basis for favoring the performance of safety inspections by compensation carriers rather than forcing employers to make individual arrangements with independent safety engineers, the Legislature's grant of immunity to insurers is not an arbitrary classification.

As a second ground upon which he attacks the constitutionality of the statute, appellant sets forth a hypothetical set of facts. We need not discuss this argument any further since courts decline to hold statutes discriminatory or uncon-

stitutional upon hypothetical issues not actually involved (*Max Factor & Co.* v. *Kunsman,* 5 Cal.2d 446, 448 [55 P.2d 177]; *Wholesale Tobacco Dealers* v. *National etc. Co.,* 11 Cal. 2d 634, 661 [82 P.2d 3, 118 A.L.R. 486]; *DuBois* v. *Land* (1963) 212 Cal.App.2d 563, 567 [28 Cal.Rptr. 167]).

The judgments are affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 17, 1968. Peters, J., was of the opinion that the petition should be granted.