Opinion
 

 COBEY, J.
 

 Manor Drug Stores, plaintiff in a class action, appeals its dismissal, pursuant to Code of Civil Procedure, section 583, subdivision (b) (the five-year statute),
 
 [1]
 
 as against ten specified remaining defendants. The appeal lies. (§§ 581d, 904.1, subd. (a).)
 

 We affirm the dismissal because we do not believe that the pendency of an earlier filed, virtually identical, federal action for approximately four of the five years prevented plaintiff from getting this action ready for trial and, in any event, the one year remaining constituted sufficient time to complete the task,
 

 
 *425
 
 Facts
 

 The relevant facts are not in dispute. On June 21, 1971, plaintiff initiated the action before us within a month following the local federal district court’s dismissal of its virtually identical federal class action based upon the same alleged facts.
 
 [2]
 
 Plaintiff did nothing further in this action until early June 1974 when it served respondents herein and one other subsequently dismissed corporate defendant in order to avoid dismissal of this action as to these defendants pursuant to section 581a, subdivision (b). At that time plaintiff granted the served defendants an open extension of 30 days, after written request of them, of the time within each such defendant would have to answer, move or otherwise respond.
 
 [3]
 
 Plaintiff did not make this request of such defendants until November 21, 1975—almost one and one-half years later.
 

 Meanwhile plaintiff had contested, with interim success in the ninth circuit, the dismissal of its federal action all the way to the United States Supreme Court. On June 9, 1975, the high court decided the federal action adversely to plaintiff and plaintiff’s petition for rehearing was denied on October 6, 1975.
 

 By letter dated December 15, 1975, plaintiff requested of the served defendants, including respondents, a written stipulation extending for six months the five-year deadline for commencement of trial herein from June 21, 1976, in the event the deadline applied. Respondents never granted this request and no written stipulation extending the June 21, 1976, deadline was ever either executed or filed.
 

 Plaintiff made limited discovery in January and February 1976. On January 30, 1976, pursuant to oral stipulation in open court certain of the served defendants’ demurrers to plaintiff’s complaint were sustained and on February 25, 1976, plaintiff filed a first amended complaint herein (omitting one corporate defendant) for damages for fraud and misrepresentation. On April 22, 1976, respondents’ demurrers to this pleading were overruled and they then answered it by the middle of May.
 

 
 *426
 
 On May 28, 1976, plaintiff filed an ex parte motion, with supporting papers, for an order decreasing the 60-day period of initial pretrial hearing notice in class actions so that the trial of this action might commence on or before June 21, 1976. Informal notice of the hearing of this motion on June 1, 1976, was given respondents. The trial court heard and denied the motion on June 1.
 

 On July 14, 1976, respondents moved the trial court for dismissal of this action pursuant to section 583, subdivision (b). The trial court granted this motion by written order dated August 13, 1976. This appeal followed.
 

 Discussion
 

 The sole question presented is whether the June 21, 1976, deadline, under section 583, subdivision (b), for bringing this action to trial was extended in any manner by reason of the pendency of the earlier filed, virtually identical, federal action of plaintiff, which action terminated on October 6, 1975, or perhaps later.
 
 [4]
 
 Plaintiff contends that until final determination was made that its federal action would not lie, it was impossible, impracticable and futile for it to bring this action to trial (see
 
 Brunzell Constr. Co.
 
 v.
 
 Wagner, 2
 
 Cal.3d 545, 551-552 [86 Cal.Rptr. 297, 468 P.2d 553]), as it would have, in all probability, been abated and, if not, prosecution of both actions simultaneously in the two separate forums would have resulted in excessive and unreasonable difficulty and expense for plaintiff and would have wasted judicial time as well.
 
 [5]
 
 At the very least, according to plaintiff, the almost 20 months, during which the ninth circuit’s reversal of the district court’s dismissal of its federal action stood, should be excluded in computing the five years. This is a point first raised on appeal. We will consider it, however, since it is purely a question of law. (See
 
 Burns
 
 v.
 
 State Compensation Ins. Fund,
 
 265 Cal.App.2d 98, 104 [71 Cal.Rptr. 326].)
 

 Plaintiff’s position is without merit. It chose to use two forums for essentially the same litigation and now seeks to avoid the penalty for its lack of diligence in prosecuting its second action—the one before us—by setting up as an excuse the pendency of its first action—the federal action. But it was not impossible for it to proceed to trial in
 
 *427
 
 the second action, the one before us, for at least two reasons. First, whether any attempt would have been made to abate this action because of the federal action was entirely up to respondents. (See §§ 430.10, subd. (c), 597.) They might not have made the attempt. Secondly, if they had, it would have been discretionary with the trial court whether to stay this action because the two pending actions were in different forums (see
 
 Farmland Irrigation Co.
 
 v.
 
 Dopplmaier,
 
 48 Cal.2d 208, 215 [308 P.2d 732]), and in view of the fact that its right to sue in the first forum was being challenged, the trial court might well have concluded that no stay should be granted against its prosecution of this suit. Furthermore, since the two actions were based upon essentially the same facts, discovery and other preparation for trial by plaintiff in this action would not have been wasted so far as the federal action was concerned. The fact that plaintiff was involved in the federal appellate process did not prevent it from getting ready for trial in this state action. Finally, for all practical purposes, it concluded its federal litigation in early June 1975, and had over a year thereafter to bring this action to trial. It seems clear to us that under these circumstances none of the five-year statutory period was tolled and the trial court was correct in granting respondents’ five-year dismissal motion.
 

 Disposition
 

 The dismissal is affirmed.
 

 Ford, P. J., and Allport, J., concurred.
 

 [1]
 

 This subdivision reads: “Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time be extended.”
 

 All citations hereafter are to sections in the Code of Civil Procedure.
 

 [2]
 

 These are that through the use of two misleading negative prospectuses defendants, including respondents, dissuaded the named plaintiff and others similarly situated from purchasing certain securities at a bargain price to their great damage. These securities were offered pursuant to a federal antitrust consent decree to all nonshareholder users of blue chip stamps.
 

 [3]
 

 Such an extension does not constitute a written stipulation pursuant to section 583, subdivision (b), extending the five-year period. (See
 
 City of Los Angeles
 
 v.
 
 Superior Court,
 
 185 Cal. 405, 413 [197 P. 79];
 
 Prudential Ins. Co.
 
 v.
 
 Superior Court,
 
 117 Cal.App. 528, 529 [4 P.2d 294].)
 

 [4]
 

 Apparently, technically, the federal litigation did not end until January 12, 1976.
 

 [5]
 

 In this connection, plaintiff contends that because of federal pendent jurisdiction, a judgment on the merits in its federal action would have been res judicata in this action. (See
 
 Mine Workers
 
 v.
 
 Gibbs
 
 (1966) 383 U.S. 715, 725 [16 L.Ed.2d 218, 227, 86 S.Ct. 1130].) We note, though, that plaintiffs chose not to put all their eggs in one basket.