**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SUNSET DRIVE CORPORATION, a California corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF REDLANDS, California, <br><br> Defendant - Appellee. | No. 08-57021 <br><br> D.C. No. 2:02-cv-09109-PA-RC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 5, 2010[**]
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and McNAMEE,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen M. McNamee, Senior United States District
Judge for the District of Arizona, sitting by designation.

Sunset Drive Corporation (Sunset) appeals the summary judgment in favor of the City of Redlands. Sunset claims the City violated its Fourteenth Amendment rights, the Fair Housing Act (FHA), the California Fair Employment and Housing Act (FEHA), and California Government Code § 65008. The district court concluded that all of Sunset's claims were barred by the applicable statute of limitations. We affirm.

Both parties agree that the statutes of limitations began to run on Sunset's claims no later than May 17, 1996, when Sunset filed its state court action. All of Sunset's claims have a limitations period of three years or less, and this federal action was not filed until 2002. Thus, all of Sunset's claims are barred.

Tolling under the continuing violations theory is inappropriate because the City has not taken any action regarding Sunset's application since 1996. *See Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) (distinguishing a continuing violation from the continuing effects of a past violation).

Equitable tolling under California law is inappropriate because Sunset has not demonstrated good faith and reasonable conduct in failing to file its federal action until 2002. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38 (9th Cir. 2001). Sunset's federal complaint was filed four months after Sunset voluntarily dismissed its civil rights action in state court and more than three years after expiration of the applicable statutes of limitations. Where forum

shopping is evident, equitable tolling is unavailable. *See Mitchell v. Frank R. Howard Mem'l Hosp.*, 6 Cal. App. 4th 1396, 1407-08 (Cal. Ct. App. 1992) ("[E]quitable tolling is not available to a plaintiff whose conduct evidences an intent to delay disposition of the case without good cause; and it is certainly not available to a plaintiff who engages in the procedural tactic of moving the case from one forum to another in the hopes of obtaining more favorable rulings.").

Given this disposition, we do not reach the district court's alternative holdings on the merits.

AFFIRMED.