NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANKET VINOD THAKUR, an individual person on behalf of himself and all other persons and entities similarly situated,

No.    21-55364

D.C. No.
8:19-cv-02233-ODW-JDE

Plaintiff-Appellant,

v.

MEMORANDUM[*]

COFIROUTE USA, a Delaware limited liability company; et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted April 12, 2022[**]
Pasadena, California

Before:  PAEZ and BADE, Circuit Judges, and CARDONE,[***] District Judge.

Sanket Vinod Thakur appeals the district court's dismissal of this putative

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

class action against Cofiroute USA, LLC, the Orange County Transportation Authority ("OCTA"), and the Riverside County Transportation Commission ("RCTC"). Thakur admits to driving on the 91 Express Lanes without a transponder linked to a properly funded FasTrak account, which is required to lawfully use the toll road. Cofiroute sent Thakur a notice of toll evasion, which stated that Thakur violated Cal. Veh. Code § 23302 and encouraged him to become a FasTrak customer. Thakur alleges that by mailing the notice, Cofiroute provided the U.S. Postal Service with his personally identifiable information ("PII") and marketed toll-related services to him in violation of California law, and that OCTA and RCTC are vicariously liable for Cofiroute's conduct. The district court dismissed the operative complaint for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Thakur's claims for statutory penalties against OCTA and RCTC are barred by the California Government Claims Act (the "Claims Act"). "Under the Claims Act, no suit for 'money or damages' may be brought against a public entity until a written claim has been presented to the entity and the claim either has been acted upon or is deemed to have been rejected." *Canova v. Trs. of Imperial Irrigation Dist. Emp. Pension Plan*, 59 Cal. Rptr. 3d 587, 592 (Cal. Ct. App. 2007) (as amended) (quoting Cal. Gov. Code §§ 905, 945.4). If the public entity rejects the claim in a written notice, a claimant has six months "after the date such notice

2

is personally delivered or deposited in the mail" to file suit. Cal. Gov. Code § 945.6(a)(1). Thakur filed this lawsuit nearly one year after OCTA and RCTC rejected his claims.[1] Those claims are thus untimely under the Claims Act.

We decline to equitably toll the limitations period because Thakur engaged in forum-shopping. *See Mitchell v. Frank R. Howard Mem'l Hosp.*, 8 Cal. Rptr. 2d 521, 529 (Cal. Ct. App. 1992). After he received OCTA's and RCTC's rejection letters, Thakur added them as defendants in a case pending in state court. Thakur voluntarily dismissed that case after he received an unfavorable pretrial ruling and refiled his case in federal court. The district court dismissed Thakur's case for lack of jurisdiction under the Class Action Fairness Act, noting that state court was a "suitable" forum "to determine the pervasive California interests at stake." Yet Thakur refiled the instant action in federal court, alleging a narrower class definition. Thakur's counsel admitted he was "determined to have at least a part of this class action in the federal courts" to "get a decision . . . that [did not] moot the [related] state court actions but which create[d] a res judicata or collateral estoppel effect." Given this conduct, Thakur cannot establish "the reasonable and good faith pursuit of an alternative remedy necessary to equitably toll the statute of limitations under California law." *Id.* at 528; *see also Bacon v. City of Los*

---

[1] We assume without deciding that a claim presented to RCTC by a non-party may satisfy Thakur's obligations under the Claims Act.

*Angeles*, 843 F.2d 372, 374–75 (9th Cir. 1988).

2.  Even if Thakur had complied with the Claims Act, the district court's dismissal of the operative complaint was proper because it lacks a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). California prohibits transportation agencies, like Cofiroute, from using a nonsubscriber's PII "to market products or services to that nonsubscriber." Cal. Sts. & High. Code § 31490(k). But, of significance here, the prohibition does "not apply to toll-related products or services contained in a notice of toll evasion issued pursuant to Section 23302 of the Vehicle Code." *Id.*

Thakur concedes that the notice he received was issued pursuant to Cal. Veh. Code § 23302, yet he insists that it does not fall within Cal. Sts. & High. Code § 31490(k)'s exception. To support his position, Thakur isolates two virtually identical provisions in ordinances issued by OCTA and RCTC. The provisions provide: "Any Motorist[s] assessed a Penalty for a Violation shall be deemed to be charged with a non-criminal, civil violation, pursuant to Section 23302.5 subdivision (a) of the Code." Based solely on that language, Thakur argues that Cal. Veh. Code § 23302.5 was "the only statute" Cofiroute could cite when issuing notices of toll evasion. We disagree.

When defining a "Violation," the RCTC ordinance expressly references Cal. Veh. Code § 23302 and the conduct it proscribes. California law requires the

4

entity authorized to collect tolls (here, Cofiroute) to "forward to the registered owner a notice of toll evasion violation setting forth the *violation*, including reference to the *section violated*." Cal. Veh. Code § 40254(a) (emphases added). Thus, Cofiroute did not "ignore" the RCTC ordinance by issuing a notice of toll evasion pursuant to Cal. Veh. Code § 23302. Rather, Cofiroute complied with the RCTC ordinance and California law.

Unlike the RCTC ordinance, the OCTA ordinance does not plainly refer to Cal. Veh. Code § 23302, but the ordinance defines a "Violation" to cover the same conduct prohibited by that statute. *See id.* § 23302(a)(1) ("[I]t is prima facie evidence of a violation . . . for a person to drive . . . onto any . . . toll highway *without* either *lawful money* . . . in an amount sufficient *to pay the prescribed tolls* . . . or a *transponder* . . . associated with a[n] . . . account with a balance sufficient *to pay those tolls*." (emphases added)).

Thakur's restrictive reading of the ordinance overlooks the statutory scheme that governs how transportation agencies must enforce toll violations. *See Lexin v. Superior Court*, 222 P.3d 214, 241 (Cal. 2010) (as amended) ("It is a basic canon of statutory construction that statutes in pari materia should be construed together so that all parts of the statutory scheme are given effect." (citations omitted)). A sensible reading of the relevant law is that Cal. Veh. Code § 23302 defines the prima facie evidence necessary to establish a toll violation; Cal. Veh. Code

5

§ 23302.5 specifies that a toll violation is a civil offense; and Cal. Veh. Code §§ 40250–40273 provide "the civil administrative procedures" governing enforcement, *id.* § 40250(a). Consistent with Cal. Veh. Code §§ 23302.5 and 40250(a), the OCTA ordinance deems a "Violation" to be "a non-criminal, civil violation." A "Violation," as defined by the OCTA Ordinance, prohibits the same conduct as Cal. Veh. Code § 23302. And California law required Cofiroute to include a "reference to the section violated" in notices of toll evasion. *Id.* § 40254(a).

Because the ordinances do not preclude Cofiroute from issuing notices of toll evasion pursuant to Cal. Veh. Code § 23302, and the at-issue notices were issued pursuant to that statute, the notices fall squarely within the exception in Cal. Sts. & High. Code § 31490(k). We therefore conclude that Thakur's complaint lacks a cognizable legal theory.

**AFFIRMED**.